MITCHELL v. RAILROAD.

(*Nashville.* February 11, 1898.)

1. BILL OF EXCEPTIONS. *Unnecessary, when.*

A bill of exceptions is not necessary for the review of a demurrer to evidence which incorporates the evidence. (*Post, pp. 330, 331.*

2. RAILROADS. *Blowing whistle under bridge over public thoroughfare.*

Blowing a locomotive whistle loudly several times under a bridge which is a much traveled, public thoroughfare, over which vehicles of all kinds are constantly passing, is, in the absence of some special necessity therefor, an unnatural and reckless act, creating a liability for resulting damages. (*Post, pp. 331–333.*)

Cases cited and approved: Railroad v. Starnes, 9 Heis., 52; 59 Pa., 259; 78 Pa., 219.

Cited and distinguished: 104 Ind., 326 (S. C., 54 Am. Rep., 334).

3. SAME. *Same.*

A presumption of negligence arises from the blowing of a locomotive whistle loudly and repeatedly under a bridge constantly used by all kinds of vehicles. (*Post, p. 333.*)

4. CONTRIBUTORY NEGLIGENCE. *Driving runaway mule.*

That one of plaintiff's team was a runaway mule does not constitute such contributory negligence as will bar his action against a railroad company for an injury sustained in a runaway caused by negligent blowing of an engine whistle under a bridge over which the team was passing. (*Post, p. 333.*)

---

FROM CHEATHAM.

---

Appeal in error from the Circuit Court of Cheatham County.   W. L. GRIGSBY, J.

JAMES L. WATTS for Mitchell.

J. D. B. DEBOW, JACOB LEECH, and EAST & FOGG for Railroad.

SNODGRASS, C. J.   The plaintiff in error was in a wagon, driving a pair of mules over a bridge on the Charlotte Pike, near Nashville. This pike was a public thoroughfare, much traveled, and vehicles of all kinds were constantly passing over the bridge. While plaintiff was so passing, an engine of the defendant (Nashville, Chattanooga & St. Louis Railway) passed under it, and, while under it or just as it was passing out from beneath, its whistle was loudly blown several times. This frightened the mules, which ran away, and plaintiff in error was thrown out of the wagon and badly injured.

Through a next friend (plaintiff being a minor), he brought this suit. Issue was joined, trial had, and, after all plaintiff's evidence was in, defendants demurred to it as insufficient in law to authorize recovery. In addition to what we have stated as facts of the case which were proven, plaintiff testified that he did not know the cause of the blowing and made no effort to prove whether there was or not a legal or proper cause or excuse therefor.

Upon the demurrer, which admitted all the evidence and all legitimate inferences arising thereon, the question was, whether negligence could be inferred from such blowing of the whistle under a public bridge on a thickly traveled thoroughfare,

while plaintiff in error was driving over it. The Court held it could not, and dismissed the suit. Plaintiff took a bill of exceptions, which is objected to in this Court as insufficient. This is immaterial. The demurrer incorporates the evidence, and a bill of exceptions was not necessary. 2 Elliott's General Practice, Sec. 855.

On the merits, defendant's counsel, in connection with an ingenious argument of much plausibility, cites as authority for the action of the Court the case of *Railway Co.* v. *Gaines*, 104 Ind., 326 (54 Am. Rep., 334), in which it was held that it was not necessarily negligent in a railway company to sound a locomotive whistle at a point where the railroad crosses a highway by a bridge overhead, although the crossing is known to be one of extraordinary danger, and the sounding of the whistle causes a horse to run away.

We have stated the principle of this case from its own syllabus, as given in 54 Am. Rep. It may admit of question if it is not too strong for a proper analysis of the case, which is a somewhat complicated one, and in which there were certain findings of fact, made by the Court below, and certain omissions in finding to which reference was made, and, amid which findings and omissions, the Court with difficulty labored to a conclusion satisfactory to itself. But assuming it to have squarely decided the question that such a blowing of an overhead engine would not be negligence *per se*, or

---

Mitchell *v.* Railroad.

---

such an act as that a jury or judge authorized to deduct legitimate inferences, might not, in the absence of other proof, hold to be negligence, then such conclusion is not satisfactory to us, even upon its own facts. There, however, it will be remembered, the noise and smoke involved in the passage and blowing of an engine were above the animals, which might or might not be thereby frightened. Bad as these are, they are not, in the very nature of things, so terrifying as when puffing and blasting underneath the animal on a bridge above, where sound and sight and smell may all be combined to drive him to the verge of frenzy by terror. In such a case, the Supreme Court of Pennsylvania held such blowing negligence *per se.* That Court characterized it as an act of gross negligence. *Railroad Co.* v. *Bennett*, 59 Pa., 259–265.

It was, of course, not decided that any blowing of a locomotive whistle would be negligence, or that every case of injury resulting therefrom would be made out by proving such blowing without more, and this, the same Court aptly illustrated in a later case. *Railroad Co.* v. *Stinger*, 78 Pa., 219.

But it was distinctly held that a blowing under a bridge constantly used by the traveling public is *prima facie* negligence, and in that we cordially concur. See, also, Elliott on Railroads, sec. 1264, reference to note 3 and cases cited. *Railroad Co.* v. *Starnes*, 9 Heis., 52.

Ordinarily the use of a whistle is of machinery

and appliance necessary for many practical purposes, and where used under ordinary circumstances, no inference of negligence could be drawn, but it is obvious that a blowing under a bridge is, in the absence of some special necessity therefor, an unnatural and reckless act, liable to cause great damage, and the circumstances and surroundings call, therefore, for proof of its necessity when the act occasions the damage to be anticipated. The proof of such a blowing under such circumstances is sufficient to authorize the presumption of negligence. The onus is shifted, to explain and justify or excuse it, upon him who does it. This burden may be successfully carried, but it cannot be avoided by demurrer to plaintiff's evidence establishing the act.

It results that judgment sustaining the demurrer must be overruled and judgment rendered here against demurrant.

The case will be remanded for a jury to assess damages.

It is insisted here plaintiff could not recover, because he was driving one run-away mule. We find no such negligence in plaintiff's conduct as precludes a recovery. If he was guilty of any negligence to reduce the amount he might otherwise be entitled to, it is matter for the jury, which shall assess the correct amount, to be given under the facts in evidence as demurred to.

The defendant in error will pay the cost of the appeal.