# Aarnes v. Windham.

*Action upon Contract for Building House and on Common Counts for Work, Labor and Material.*

1. *Action upon a special contract for building house; recovery on the common counts for work done.*—Under a count on a special written contract for building a house, a recovery can not be had without proof of the full performance according to its terms; but a recovery may be had under the common counts for work, labor and material, on proof that the defendant moved into the house before completion, continued to occupy it after the contractor quit work upon it, and that it was of benefit to the defendant, or that the defendant accepted the house as completed.

2. *Same; same; question for the jury.*—In an action to recover the amount alleged to be due the plaintiff for the construction of a house, where the plaintiff counts upon a written contract and also seeks by the common counts to recover for work, labor and material, the question as to whether the contract has been performed according to the terms, or whether the fact of moving into and using the building amounts to an acceptance of the work and a full compliance on the part of the pleader with his contract, are questions for the determina-

33c

[Aarnes v. Windham.]

tion of the jury upon a consideration of all the facts and circums'ances in the case.

3. *Action upon contract for building house; when general affirmative charge should not be given.*—In an action to recover an amount alleged to be due the plaintiff for the construction of a house as provided for in a written contract, where the complaint contains a count upon a written contract and also common counts for work, labor and material, and the evidence is conflicting as to whether the plaintiff completed the house according to the terms of the contract, and as to whether the defendant moved into the house and accepted it as completed, it is error for the court to give the general affirmative charge in favor of either party.

4. *Same; charge of court to jury.*—In such a case, a charge is erroneous and properly refused which instructs the jury "that they can not find against the defendant upon a count upon the expressed contract, unless the plaintiff has proven to their reasonable satisfaction that he has complied with his part of such contract"; the evidence in the case authorizing the jury to infer that there was an acceptance of the house by the defendant as and for the full compliance by the plaintiff with the contract.

5. *Same; same.*—In such a case, a charge asserts a correct proposition and should be given at the request of the defendant which instructs the jury that "If the evidence reasonably satisfies them that there was an express contract between plaintiff and defendant for the construction of the house, then he is not entitled to recover under the common counts for money due on account, and for merchandise, goods and chattels sold, and for work and labor done, or upon any one of them,—except what may be due, if anything, for the extra work done and extra material furnished by him,—unless the evidence also reasonably satisfies the jury that he complied with the terms of the contract, or that defendant accepted the house as constructed."

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This suit was brought by the appellee against Annie C. Aarnes. The purpose of the suit and the facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court

[Aarnes v. Windham.]

at the request of the plaintiff gave to the jury the follow-ing written charge: "The court charges the jury that if they believe the undisputed evidence in this cause, the plaintiff is entitled to recover four hundred and ninety and 50-100 dollars ($490.50), with interest, as a balance due under the contract, and in addition to this, the reas-onable value of whatever work he may have done for the defendant at her instance and request, either in person or through an authorized agent, and whether her request was expressed or implied."

The defendant duly excepted to the court's refusal to give this charge, and also separately excepted to the court's refusal to give each of the following charges re-quested by her: (2.) "The court charges the jury that they can not find against the defendant upon the count upon the express contract, unless plaintiff has proven to their reasonable satisfaction that he has complied with his part of such contract." (3.) "If the jury believe from the evidence that, when defendant took possession of the house it was still unfinished, and that she took such possession under an agreement with plaintiff, ex-press or reasonably to be implied from what passed be-tween herself and him, that he should go on and put it in the condition stipulated by the contract between them, then he can not recover upon the count of the complaint upon the express contract, unless the jury reasonably be-lieve from the evidence that he did go on and put the house in the condition so stipulated." (6.) "The court charges the jury that if the evidence reasonably satisfies them that there was an express contract between plain-tiff and defendant for the construction of the house, then he is not entitled to recover under the common counts for money due on account, and for merchandise, goods. and chattels sold, and for work and labor done, or upon any one of them, except what may be due, if anything, for the extra work done and extra material furnished by him—unless the evidence also reasonably satisfies the jury that he complied with the terms of the contract, or that defendant accepted the house as constructed. The burden of proving one of these two facts rests upon the plaintiff. and unless he has done so to the reasonable satisfaction of the jury, they must find for the defend-

[Aarnes v. Windham.]

ant, except as to plaintiff's claim for extra work done and extra material furnished." (8.) "The court charges the jury that except as to his claim for extra work done and extra material furnished, plaintiff is not entitled to recover upon any one of the common counts for money due on account, and for merchandise, goods and chattels sold, and for work and labor done, unless the evidence reasonably satisfies their minds, either that he complied with the undertakings of the contract on his part, or that defendant accepted the house as constructed. The burden of proving one of these facts to the reasonable satisfaction of the jury is upon plaintiff. If the evidence does not so satisfy their minds that he complied with his part of the contract, but they find that defendant nevertheless accepted the house as constructed, then he is entitled to recover for work done and for the material furnished in the construction of the house, outside such extra work and extra material, only their actual value, less payments thereon made him, and interest on such excess from the time the same became due."

There were verdict and judgmnt for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

R. H. & N. R. CLARKE, for appellants.—Where action is brought on special contract, no recovery can be had upon it without proof on part of plaintiff of performance of his undertakings under it.—*Lapsley v. Stoughton*, 113 Ala. 413; *Bates v. Harte*, 124 Ala. 427; 2 Mayfield's Dig. 257, § 327; 258, § 333.

In this case appellant sought no recovery and no reduction of reasonable value to be recovered by reason of damages which she sustained from the default of appellee under special contract. The case as to that falls within the suggestion in *Grisham v. Bodman*, 111 Ala. 194.

GREGORY L. & H. T. SMITH, *contra.*—The breach of the contract by either party does not of itself terminate the contract, but only confers upon the other party the right

to declare a forfeiture thereof, and this is true of all contracts, whether they involve the sale by one to another or the performance of services. Whether either party elects to declare the contract ended or to waive the forfeiture thereof and to continue the contract in force, he may recover whatever damages he has sustained by reason of the breach, but if he sees fit to waive the forfeiture and accept the partial performance under the contract, he must himself, continue to observe the stipulations of the contract upon his part, and is liable to the other party for any subsequent breach thereof. This proposition is fully sustained by the following authorities: *Sample v. Guyer*, 120 Ala. 611; *Thomas & Trott v. Ellis & Co.*, 4 Ala. 108; *Merriweather v. Taylor*, 15 Ala. 735; *Kirtland v. Oates*, 25 Ala. 465; *Hawkins v. Gilbert & Maddox*, 19 Ala. 54; *Hunter v. Waldron*, 7 Ala. 753; *Aiken v. Bloodgood*, 12 Ala. 221; *Strouse v. Meertief*, 64 Ala. 299; *McTighe v. McLean*, 93 Ala. 626; *M. & O. R. R. Co. v. Nicholas*, 98 Ala. 118; *Orendorff v. Tallman*, 90 Ala. 441; *Foster v. Gossett*, 29 Ala. 393; *Dent v. Long*, 90 Ala. 172; *Howard v. Thompson Lumber Co.*, 50 S. W., 1092; Clarke on Contracts, 676, and citations; *Andrews v. Tucker*, 29 So. 34; *Peden v. Moore*, 1 Stew. & Port. 71.

HARALSON, J.—The first count in the complaint is upon a written contract between the plaintiff and defendant, whereby the former agreed with the latter to erect on her land a building for her, at a specified price, the payment to be made at certain times in specified amounts as the work progressed. All the payments were made except the last, which the suit is brought to recover. It avers, that the plaintiff complied with all the provisions of the contract on his part, and defendant failed to comply with its terms on her part, in that she failed to pay the sum of $500, stipulated to be paid when the building was completed. The common counts for the recovery of $591.50 were added, for merchandise, goods and chattels sold by plaintiff to defendant, on to-wit, the first of July, 1900; and for a like sum due and payable on that date, for work and labor done by plaintiff for defendant, at her request. The case was tried on the

plea of the general issue,—the contention of the defendant being, that the plaintiff failed to perform his contract to complete the building; that the work done and the material furnished him therefor were inferior in quality and value to that required by the contract; that the house as constructed by him was less in value than stipulated for in the contract, and defendant had paid him more than the reasonable value of the house as contracted for.

In order to recover on a special contract, the plaintiff would not be entitled to recover without showing the performance of his undertaking under it.—2 Mayfield's Digest, p. 257, § 327; *Kirkland v. Oats,* 25 Ala. 467; *Davis v. Badders,* 95 Ala. 348. While this is true, it was held by the court, in the case last cited, that a recovery may be had under the common counts for work, labor and materials, on proof that defendant moved into the house before completed, and continued to occupy it after the contractor quit working on it, and it was of benefit to him. The court quoted approvingly what was said in *Thomas v. Ellis,* 4 Ala. 108, that "nothing is more common than to permit a recovery upon an implied contract to pay the value of the labor, although it may not have amounted to a performance of the special contract; and this is always the rule when the defendant has accepted the work, or entered into possession and use of the house actually erected," adding, that "the same doctrine has been reasserted in the subsequent cases of *Meriwether v. Taylor,* 15 Ala. 735; *English v. Wilson,* 34 Ala. 301; *Bell v. Teague,* 85 Ala. 211." In the case of *English v. Wilson,* just cited, which was a suit brought by Wilson against English, to recover a sum alleged to be due from defendant for work and labor done by the plaintiff, in adding two rooms to the defendant's dwelling house,—a case very similar in principle to the one in hand as to the count for work and labor,—the court held, that under the plea of the general issue, the defendant was entitled to recoup the damages caused by the workman's breach of contract in the performance of the work.

As to what constitutes acceptance of work done it is held, that it may be express or implied from the conduct

of the employer; that the mere naked occupancy or use of a building erected on the land of the owner does not, however, warrant an inference of acceptance of the work as done, in compliance with the contract, unless the possession and use be coupled with some act or some language, from which acceptance or acquiescence may be reasonably inferred, since the owner can not divest himself of possession without surrendering a portion of his freehold; that the owner is not bound to remove the building or abstain from using it, since being attached to his land, it becomes his property, and that part payment is not an acceptance, but only an acquiescence to the extent of the payment.—6 Cyc. 67-69.     Whether a contract has been performed according to the terms, and whether the fact of moving into and using the building amounts to an acceptance of the work as a full compliance on the part of the builder with his contract, are questions to be determined by trial and depending on all the circumstances of the case.—*Smith v. Brady*, 17 N. Y. 173; s. c. 72 Amer. Dec. 442.

The evidence on the part of the plaintiff tended to show, that he had complied with all his undertakings; that he had completed the construction of the house in all respects as undertaken by the contract, and after completion thereof had tendered it to defendant, and she had accepted the same; that she had failed and refused to make the last payment, amounting to $490.50, and that nothing had been paid for extra work and materials amounting to $102.

The evidence for defendant tended to show that she moved into the house before it was completed by and with the consent of the plaintiff, who agreed to complete the same according to the contract after defendant moved in; that during the progress of the work, and after she moved in, defendant made many complaints about alleged defects in the building.    She also introduced evidence tending to show, that the house as constructed by plaintiff was not built in accordance with said contract; that the work done and the materials furnished by him were inferior in quality and in value to that required by the contract; that the house as constructed was of less value

than that stipulated for by contract, and that she had paid him more than the reasonable value of the house as constructed.

The court at request of plaintiff gave to the jury the general charge, as set out on page 10 of the transcript. In this, under the conflicting state of the evidence, there was manifest error.

The defendant requested four charges, numbered 2, 3, 6 and 8. The second and third may be considered together, as may the sixth and eighth. The first two were erroneous on the ground, that the jury, under the evidence, would have been authorized to infer, that there was an acceptance of the house by defendant, as and for a full compliance by plaintiff with the contract.

The sixth and eighth were free from error and should have been given. These charges deal exclusively with the right of the plaintiff to recover under the common counts. Under these counts if the evidence failed to reasonably satisfy the jury, that plaintiff had complied with the terms of his contract, or that defendant accepted the house as constructed, there could have been no recovery except for what might have been due, if anything, for extra work done and extra material furnished. But, if upon the facts hypothesized in the charges, the jury was reasonably satisfied that the plaintiff had complied with his contract, or that defendant had accepted the house as constructed, the plaintiff would have been entitled to a verdict on those counts for the amount shown to be due an ! owing. If it be said that the charges are misleading in the use of the word *acceptance*, since the defendant might have had the use and benefit of the house without acceptance, it must be noted that in each charge, that word is accompanied with the words "as constructed," thereby limiting the acceptance of the house to its condition as constructed.

Reversed and remanded.