# City of Birmingham *v.* Chestnutt.

*Damages for Negligent Construction and Maintenance of Sewer.*

(Decided May 20, 1909. 49 South. 813.)

1. *Municipal Corporations; Accounts Against; Presentation of.*— Section 71 of the charter of the city of Birmingham (Local Acts 1898-9, p. 1441) relative to claims against the city and their presentation before suit requires that presentation be made either by the person entitled to the compensation or by an authorized agent, so a presentation by the husband in his own name alleging himself to be the owner of property and the disallowance of such claim was not tantamount to a presentation of the claim by the wife so as to authorize her to sue thereon.

2. *Evidence; Best and Secondary; Presentation of Claim Against City.*—The best evidence of presentation and disallowance of a claim against the city is the record and proceedings of the board of mayor and aldermen, and a letter written by the city clerk is no evidence of such action.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

[City of Birmingham v. Chestnutt.]

Action by Mrs. M. E. Chestnutt against the city of Birmingham for damages for negligence in the construction, maintenance and repair of a sanitary sewer resulting in injury to the plaintiff. Judgment for plaintiff and defendant appeals. Reversed and remanded.

E. D. SMITH, for appellant.—Counsel discuss the pleading and cites authority in support of his contention, but it is not deemed necessary to here set it out.

The court takes judicial knowledge of charters of cities.—*Lord v. Mobile*, 113 Ala. 360. The city charter of Birmingham requires presentation to and disallowance of claims in whole or in part by the board of mayor and aldermen of the city of Birmingham before suit brought. Sec. 71, Local Acts 1898-9, p. 1541. The claim was not presented by the plaintiff or her authorized agent. The presentation by the husband of the owner of the property would not authorize the wife to sue under the charter.—*Barrett v. Mobile*, 129 Ala. 179.

W. J. WYNN, for appellee.—Counsel discuss the pleadings and cite authority to sustain his contentions which need not be here set out. Counsel insist that the presentation made was sufficient and cites in support thereof. —*Newman v. Mayor and Aldermen of Birmingham*, 109 Ala. 630; *Harden v. Minneapolis*, 42 N. W. 350; *Wall v. Town of Highland*, 72 Wis. 435; *Lyman v. Hampshire*, 138 Mass. 74; *Donnelly v. Fall River*, 132 Mass. 299. In any event, the city had notice of the conditions constructively, if not actually, since the evidence shows without conflict that the conditions complained of had existed for two or more years before the suit was filed. —*City Council v. Rice*, 72 Ala. 411; *Birmingham v. Starr*, 112 Ala. 98; *Lord v. City of Mobile*, 113 Ala. 360; *Arndt v. City of Cullman*, 132 Ala. 547.

McCLELLAN, J.—Action for damages for negligence in the construction, maintenance, or repair of a sanitary sewer, in consequence of which injury resulted to plaintiff. The plaintiff is named, in the pleadings, "Mrs. E. M. Chestnutt." The several counts contained, in substance, this averment: "Plaintiff avers that she did, on, to wit, 24th day of April, 1906, present her claim for one thousand dollars damages to the mayor and aldermen of Birmingham, and said authorities disallowed said claim." Section 71 of the charter of the city of Birmingham, then in force (Loc. Acts 1898-99, pp. 1391, 1441), provided: "That no suit shall be maintained against the city upon any claim for money until application shall have been made to the board for the payment thereof, and the said application refused in whole or in part, or the board fail at the next meeting to act thereon." It appears from the minutes of the municipality offered in evidence that on May 2, 1906, the petition of "E. M. Chestnutt," among others, for damages on account of sewer, was referred to the judiciary committee, and that on May 16, 1906, the petition of "E. M. Chestnutt," among others, was "disallowed." The original petition by "E. M. Chestnutt" was offered in evidence. It averred that "E. M. Chestnutt" was the owner of the property alleged in the complaint in this action to have been injured, describes the consequences of the alleged wrong, and claims $1,000 as damages. "E. M. Chestnutt" was the husband of plaintiff, and resided with her on the premises. These premises were, in fact, the property of the plaintiff, and not that of her husband. Neither the petition nor any other paper presented in the cause shows, or tends to, that in presenting the claim described in the petition of "E. M. Chestnutt" he acted for or as the agent of Mrs. Chestnutt, his wife. Indeed the face of the petition avows only a claim by him.

[City of Birmingham v. Chestnutt.]

It need hardly be said that to maintain this action plaintiff must sustain in the proof the averment of presentation we have before quoted. There can be, reasonably, no two opinions upon the proposition that to meet the requirements of section 71 the claim must be presented either directly by the party entitled to be compensated by the city, or else by an agent authorized and purporting to so act. If a claim could be presented by one person, and thereby afford the condition to suit raised by the section, and suit be instituted by another, the provision would be largely without force. Among the first, if not the first, reason for the provision, precedent to suit as it is, is that the governing body may know who has or claims to have a liability against the city, and it may very readily be conceived that the city authorities would decline to pay or allow a claim on the sole ground that he who filed the claim had no claim in fact, but that another for that wrong did have a just claim that should and would be allowed. It has been often said here, in analogous cases, that the purpose of such provisions is to protect a city or county from the expenses of unnecessary litigation by affording it opportunity to settle and discharge its liabilities without suit.—*Barrett v. Mobile,* 129 Ala. 179, 30 South. 36, 87 Am. St. Rep. 54. Neither city nor county authorities can know, as contemplated, of liabilities, unless the claimant is known; nor can they intelligently determine settlement vel non without being so informed. Indeed, liability vel non may, in a given instance, be entirely controlled by matters of defense or justification against one claimant, and be wholly absent if the claim is by another. The fact that the claim presented need not be in writing cannot, of course, alter the view stated. The reason and purpose of the provision applies in either event.

It is contended for appellee that the letter to be now quoted rendered the question of presumption vel non one for the jury. This letter was written on April 10, 1907, and on stationery of the office of the city clerk. It is addressed to W. J. Wynn, and is as follows: "Petition of Mrs. E. M. Chestnutt for damages to amt. $1,-000.00 which was filed about Apr. 24, '06, was referred to judiciary committee on May 2, 1906, was disallowed on May 16, '06. (Signed) J. C. Murray, City Clerk." Murray testified that the mentioned petition of "E. M. Chestnutt" was the only one filed by either the plaintiff or her husband; that the plaintiff never filed with the council, or with him, as city clerk, any claim whatsoever; and that the minutes of the council showed no action by the council on any other petition. He further testified that he signed the letter above quoted, that it was written by Mr. Wynn, and that at the time he signed the letter he did not know whether E. M. Chestnutt was a man or woman. There was no objection to the admission of the letter in evidence. The whole question, then, is whether the letter mentioned and introduced in evidence was sufficient to afford some support to the averment of presentation appearing in the complaint.

We think not. This court, in *Perryman v. Greenville,* 51 Ala. 507, where the issue comprehended allowance vel non by the municipal authorities of a claim by an officer for special services, ruled flatly that the "best and only evidence of the fact that such an allowance had or had not been made" was the "books" of the municipality, meaning the record of the proceedings of the council. The decision in this regard has been subsequently approved in *Crenshaw v. Sikes,* 113 Ala. 628, 21 South. 135, and in *Greenville v. Greenville Water Works Co.,* 125 Ala. 643,, 27 South. 764. It will be noted that

the ruling in *Perryman v. Greenville* did not limit the declaration to what was the best evidence of the municipal act, but went a step beyond—beyond the mere question of the form in which proof of the fact may be made—and announced that the "books" were the "only" evidence of the fact. In *Crenshaw v. Sikes* the ruling drove to the result that the effect of the silence of the minutes of the commissioners' court with respect to the rejection of the claim could not be avoided by parol proof in the premises. The letter in question was, under the holding of *Perryman v. Greenville,* no evidence of the corporate action alleged in the complaint as requisite compliance with the condition precedent to the right of this plaintiff to sue. It is not contended that the alternative set forth in the last phrase of section 71 is applicable to the advantage of this plaintiff. Indeed the averment is that the claim of plaintiff was disallowed, importing affirmative action, rather than mere inaction, contemplated by the alternative appearing at the end of the section.

We are therefore of the opinion that the affirmative charge requested by defendant should have been given, on the theory that the averment of presentation and disallowance of plaintiff's claim finds no support in the evidence.

It is unnecessary to treat other questions argued. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.