# Mountain Terrace Land Co. v. Brewer & Jones.

## *Assumpsit.*

(Decided Jan. 20, 1910. 51 South. 559.)

1. *Pleading; Breach of Contract; Demurrer.*—Where the complaint alleges two breaches of a contract, a demurrer which does not designate which breach was without the covenant of the contract, is insufficient to raise the question that the second breach was not within the covenants of the contract declared on.

2. *Same; Conclusions; Will.*—Replications averring waiver of performance of a contract sued on by accepting the work done are in-

[Mountain Terrace Land Co. v. Brewer & Jones.]

sufficient if they fail to aver facts from which the law would deduce waiver of performance, and the mere averment of a waiver is a conclusion.

3. *Work and Labor; Acceptance; Use and Occupancy of Premises.*—The mere use of land, or acts consistent with ownership thereof after its improvement by the work and labor of others, short of full performance under the contract does not necessarily afford a basis for an implied promise raised by law to pay the value of the work and labor done as of benefit to the owner.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Brewer & Jones against the Mountain Terrace Land Company for work and labor done. Judgment for plaintiff and defendant appeals. Reversed and remanded.

TILLMAN, GRUBB, BRADLEY & MORROW, and L. C. LEADBETTER, for appellant.—Counsel discuss the pleas on the demurrer to the complaint, but without citation of authority. They insist that the 2nd replication to defendant's plea was insufficient.—*Higgins Mfg. Co. v. Pearson,* 40 South. 579; *Davis v. Badders,* 95 Ala. 348.; *Matthews v. Ferrall,* 140 Ala. 298; *Martin v. Massey,* 127 Ala. 504.

FRANK S. WHITE & SONS, for appellee.—No brief came to the Reporter.

McCLELLAN, J.—Action against the owner by contractors engaged to grade streets and lay cement sidewalks and gutters and also sanitary sewers in pursuit of a plan to improve a plat of land designed to be, or that was, divided into lots and sold for residential purposes. The complaint, after amendment, consisted of counts 2, 3, 4, and 5 as amended. The first three numbered are the common counts, on an account stated, for work and labor done. The last, 5, as amended, complains of a breach of a written contract as that existed

after a written alteration of it by mutual agreement. The contract, after alteration, is set out in hæc verba, and two breaches of it are alleged. The second breach is predicated upon the averred failure to pay for "extra work moving waste, as per engineer's stakes. * * *" It is urged in brief that the breach alleged, as quoted, was not within the covenants of the contract declared on, and is hence unassignable as ground of action. As well as lay minds may interpret this contract, more or less technical as it is, we are unable to find in it any provision for dealing with the matter averred as the second breach thereof. However, the demurrer fails to designate which of the two breaches was without the covenants. The court did not err in overruling it in this particular. Count 5, as last amended, is not objectionable.

The general issue and payment were pleaded to all of the counts. To counts 2 and 4 these defenses were specially interposed, numbered 5 to 11, inclusive: Abandonment of the undertaking before completion; nonacceptance of the work as complete performance of the contract; no pecuniary benefit, as a result of the work done, in excess of what was paid plaintiffs by defendant; and recoupment of the damages suffered in alleged enumerated breaches of the contract by the plaintiffs. Demurrers to these pleas were overruled, and there are, of course, no assignments in respect to these rulings. To these pleas, except that asserting voluntary abandonment before performance of the contract, replications 2, 3, 4, and 7 were interposed. In replication 2 it is averred that defendant waived full performance by accepting the work done by plaintiffs as it was done. Replication 3 is, in substance, the same as replication 2. Replication 4 is, in substance, the same as 2, except that it is alleged, additionally, that plaintiffs were expressly

[Mountain Terrace Land Co. v. Brewer & Jones.]

discharged from any further duties made obligatory on them by the provisions of the contract.  Replication 7 contains in extenso the written alteration, by mutual agreement, of the contract declared on in count 5 as amended.  To rehearse, these replications purport to avoid pleas 5 to 11, inclusive, and these pleas were pleaded to counts 2 and 4; whereas the common counts, on an account, account stated, and for work and labor done, were employed to state the cause of action.  The errors assigned and argued in this connection related only to replications 2, 3, 4, and 7.

These replications were faulty at least in two particulars, pointed out by grounds of the demurrers.  In the first place, their averments of waiver of performance of the contract by acceptance of the work done as done are a conclusion of the pleader.  It was the proper office of these replications to aver facts from which the law would deduce waiver of performance.  In the second place, mere use, or acts consistent with ownership, of the plot, as in its nature capable, after its improvement by the work and labor of the plaintiffs, though short of full performance of the contract, did not necessarily afford a basis for the law-implied promise to pay the value of the work done as of benefit to the owner.  Such we understand to be the doctrine, in one respect, of *Davis v. Badders,* 95 Ala. 348, 10 South. 422; *Aarnes v. Windham,* 137 Ala. 513, 34 South. 816; and authorities in each cited.  The reason is apparent when it is considered that abandonment of the freehold could not be a condition to nonacceptance of the benefit of the work and labor done.  Something more must attend than the mere use or occupancy, or acts consistent with ownership.  Furthermore, it is by no means clear from the averments of some of the replications that the acceptance alleged had reference to the acceptance of the

benefit of the work and labor done, or to its acceptance as full performance of the contract. Such uncertainty of averment is not, of course, proper. If the latter was the acceptance intended to be averred, and the objection of a conclusion was avoided in averment thereof, they invoked a full answer to the matter set up in the pleas to which addressed; but, if the former was the intent of the acceptance averred, it was not an answer to such pleas, for the reason that they do not show such an acceptance of benefit as, under our cited decisions, is essential to warrant a recovery of a quantum meruit. Again, plea 6 avers the payment of a large sum to plaintiff for work and labor done under, but not in full performance of, the contract, and that pecuniary benefit received from such work and labor was not in excess of the sum so paid. Obviously, this plea, if proven, forbade a recovery on quantum meruit, under the theory of an accepted benefit from the work and labor done. None of the special replications considered attempt to avoid the stated averment that the pecuniary benefit did not exceed the sum paid. The third ground of the demurrer took the indicated objection.

Since a reformation of the pleading will doubtless be undertaken on the trial to be had, there is no necessity to consider the assignments based on rulings on the evidence. The judgment is reversed and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.