# CHARLESTON.

WILLIAMS & DAVISSON Co. *et als. v.* BAILEY *et als.*

Submitted June 8, 1909.  Decided February 14, 1911.

1. MECHANICS' LIEN—*Notice to Owner—Service.*
   Service of notice required by section 3 of chapter 75, Code (1906), to be given to the owner by one who has performed labor for, or who has furnished material to, the contractor, is sufficient if made in the manner provided by section 1, of chapter 121, Code (1906).

2. SAME—*Notice to Owner—Service—Return of Sheriff.*
   A sheriff's return upon such notice, reciting the manner of service, is his official act, and must be regarded as at least *prima facie* true.

3. SAME—*Limiting Amount of Liability—Recording Contract.*
   If the owner wishes to limit the amount for which his property may be made liable to a sum not to exceed the contract price agreed on by him and the contractor, he must have his contract recorded.

4. SAME—*Notice of Lien—Waiver.*
   Failure to record his contract does not have the effect to constitute the contractor his agent to the extent of dispensing with notice to the owner.

Appeal from Circuit Court, Harrison County.

Bill by the Williams & Davisson Company and others against James F. Bailey and others. Decree for plaintiffs, and defendant Bailey appeals.

*Affirmed.*

*Edward G. Smith* and *David J. Carter,* for appellants.

*Davis & Davis* and *Philip P. Steptoe,* for appellee Southern Pine Lumber Co.

WILLIAMS, PRESIDENT:

This is a mechanic's lien suit brought in the circuit court of Harrison county by the Southern Pine Lumber Company and the Williams & Davisson Company, two corporations that furnished materials to the C. A. Jones Lumber Company, also a corporation, to be used in the construction of a dwelling house

and barn which it had contracted to erect for James F. Bailey, on certain lots owned by him in East Clarksburg. The suit is against said Bailey and certain other defendants who had performed labor upon the buildings for C. A. Jones Lumber Company. A final decree was pronounced on May 19, 1908, holding the claims of the respective plaintiffs, and of the defendants to constitute liens upon said buildings and lots, and decreed a sale of the same if the liens were not paid within thirty days from that date. From that decree the defendant Bailey has appealed. Two principal grounds of error are assigned: (1) That notice of the liens was not served upon Bailey, the owner. (2) That the cause was prematurely referred to a commissioner.

Plaintiffs were materialmen; and section 3 of chapter 75, Code 1906, requires a laborer or person furnishing material to a contractor to be used in the construction of a building for the owner, "to file with the owner or his authorized agent an itemized account of the labor done or material or machinery furnished, verified by affidavit, within thirty-five days after the same is performed or furnished." The bill alleges that such accounts and notices were served upon said Bailey, and it exhibits the accounts and notices, showing the form of the notices and the manner of the service. It is asserted that the service of notice is not sufficient. The notices were served by the sheriff; and his return shows that it was served within thirty-five days by leaving a copy thereof with Bailey's wife at his usual place of abode and explaining to her the purport thereof, she being a member of his family over sixteen years of age, and he not being found. The questions at once arise: (1) What effect is to be given to the sheriff's return? and (2) is a notice thus served a compliance with the statute? Section 1 of chapter 121, Code 1906, makes it the duty of a sheriff to serve notices within his county, when he is required to do so, and to make return of the manner of his service; and, while his return in case of service of a notice may not be treated as a verity as it is in the case of his return upon process emanating from a court, still his service and return of a notice is an official act, and is to be regarded as *prima facie* true. *Bowyer* v. *Knapp,* 15 W. Va. 277; *Barksdale* v. *Neal,* 16 Grat. 314.

The words "file with the owner" are equivalent to the words "give notice to the owner," or "serve notice upon the owner."

The word *notice* is used in the statute interchangeably with the words *file with the owner,* and they mean practically the same thing. The statute means that the owner shall be served with an itemized account of the claimant's bill, verified by affidavit. It also means that such service shall be a personal one, or its equivalent. It does not prescribe any particular mode, or manner, of serving the notice. The statute must be given a reasonable construction, and we think it would be unreasonable to hold that the only manner of serving such a notice would be by delivering it into the hands of the owner or his authorized agent. Such a construction would enable the owner to defeat entirely the lien of a claimant by failing to appoint an agent to act for him, and by secreting himself so as to avoid service. Section 1 of chapter 121 provides especially the manner or mode of serving notices, "no particular mode of serving which is prescribed." Service made pursuant to this section is a substitute for, and the equivalent of personal service. Substituted service is given like effect as actual personal service, upon a resident, when the officer's return shows that the service conforms strictly to the statute. In regard to process issuing from a court such service is recognized by the courts as "due process of law." *Railroad Co.* v. *Railroad Co.,* 17 W. Va. 812; *Park Land & Improvement Co.* v. *Lane,* 106 Va. 304; *Johnson* v. *Robbins,* 3 John. (N. Y.) 440; *Atchison County* v. *Challiss,* 65 Kan. 179; *Abbott* v. *Abbott,* 101 Me. 343; 32 Cyc. 461. We see no reason for applying a different rule in regard to the service of notice required by section 3 of chapter 75, than is required in the case of a summons in a suit, or a notice to take deposition, or any other notice required by law to be given, wherein no particular manner of serving which is given. We, therefore, hold that the service of notice required by section 3 of chapter 75, Code 1906, may be made in the manner provided in section 1 of chapter 121 of the Code, and that the sheriff's return of service in the present case is *prima facie* true; and, not being denied or controverted, it proves that the defendant Bailey was properly served with notice of plaintiff's liens within the time required by the statute.

It is insisted that the cause was not properly matured for reference to a commissioner at the time the court referred it, and that the order of reference was error. No objection appears to have been made to the order of reference; all parties appeared

before the commissioner and took proof; the cause was finally heard upon the pleadings, the commissioner's report; exceptions taken to it and the evidence taken before him; and even if the case had been prematurely referred, *Bank* v. *Parsons,* 42 W. Va. 137, still we are unable to see how appellant could have been prejudiced by such mere irregularity in procedure. *Seabright* v. *Seabright,* 28 W. Va. 412, and opinion by Judge GREEN at page 443. But it is not necessary to decide, in this case, whether the premature reference would, or would not, be reversible error, for the reason that we hold that the order of reference was not in fact premature. Plaintiff's bill alleging service of notice of their claims of liens upon Bailey within the thirty-five days, and their exhibits showing the manner of the sheriff's service, which we have said was to be taken as *prima facie* true, made a *prima facie* case in favor of the plaintiffs, which entitled them to have the cause referred to a commissioner to ascertain priorities of liens.

The owner did not have his contract with the principal contractor recorded and it is urged by counsel for appellees that section 5, of chapter 75, Code, operates to dispense with notice in the case of the materialman who furnishes material to the contractor, by making the contractor the agent of the owner. We do not so interpret the statute. It does not dispense with the notice required by section 3 of same chapter. Section 5 defines more particularly the owner's liability, and makes his property liable to the materialman for the value of the material furnished, notwithstanding the owner may have paid the contractor the whole of the contract price. It removes any doubt that might have existed as to the effect to be given to section 3 in case the owner had paid the contractor the contract price in full, before he had been given notice of the lien. But it does not constitute the contractor his agent to the extent of dispensing with notice. It also provides the means whereby the owner may limit his liability to the sum which he has agreed to pay the contractor. Bailey's failure to record his contract with the contractor made his property liable to the materialman's lien for an amount greater than he had agreed to pay the contractor. The case, therefore, seems to be a hardship upon Bailey, but our duty is only to declare the law, not to make it; and such we find the law to be. The statute provides a means whereby Bailey might have limited his liability to the amount he had contracted to pay

C. A. Jones Lumber Company; he failed to avail himself of it, and his own negligence is the parent of his hardship.

We find no error in the decree and it will be affirmed, and the cause remanded for further proceeding.

*Affirmed.*