(87 South. 345)

**TOWN OF CLANTON v. CHILTON COUNTY. (5 Div. 771.)**

(Supreme Court of Alabama. Dec. 16, 1920.)

1. Highways ⬤➡105(2)—County cannot apply road and bridge funds to improve city streets.

In view of the restrictive provisions of Const. 1901, § 215, county authorities cannot devote or apply, directly or indirectly, the product of the special levy for road and bridge fund for repair or improvement to a street, and any agreement between the county and municipality for such application is invalid.

2. Highways ⬤➡105(2)—Fact that contract was not executed with legal formalities does not prevent raising of implied promise.

The fact that no contract whereby a municipality was to reimburse a county for improvement of streets was executed in accordance with Code 1907, § 1183, does not prevent the raising of an implied promise on the part of a municipality where the county in good conscience should discharge the obligation.

3. Highways ⬤➡105(2)—Town held not liable to county as on an implied promise for unauthorized use of funds to improve its streets.

Where a county without authority used road and bridge funds collected under Const. 1901, § 215, for the improvement of a street, and any agreement on the part of a town to reimburse the county was invalid, the county cannot recover on the theory of implied promise, no money being paid the municipality, and the application of such funds being invalid.

4. Evidence ⬤➡158(17)—Verbal recitals of acts of officers not evidence of agreement by municipality.

Verbal recitals of acts of members or officers of a governing body of a municipality are not legally admissible evidence of corporate action by the municipality which must be shown by a record of the proceedings of its governing body.

5. Highways ⬤➡105(2)—Municipality not liable to county on theory of acceptance of unauthorized improvement of street by county.

Where a county without authority used road and bridge funds for the improvement of a street, a municipality cannot be held liable on an implied contract on the theory of acceptance merely because the street was used by the residents of the municipality; for acceptance presupposes an option or choice to reject or to accept it, which the municipality did not have.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Action by Chilton County against the Town of Clanton on a contract for street improvement. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Lawrence F. Gerald, of Clanton, for appellant.

The county had no authority to apply its funds derived from that source to the improvement of the streets of a town. Section 215, Const. 1901; 172 Ala. 138, 54 South. 757; 54 South. 763; 173 Ala. 442, 56 South. 131, 274, Ann. Cas. 1914A, 771; 176 Ala. 605, 58 South. 252; 176 Ala. 609, 58 South. 253; 195 Ala. 214, 70 South. 275. To bind a municipality by an express contract, the contract must be in writing and executed according to law. Section 1183, Code 1907; 45 Ala. 237; 46 Ala. 411; 114 Ala. 433, 21 South. 960; 203 Ala. 574, 84 South. 816. Even if the citizens agreed to reimburse the county this would not render the town liable. Authorities supra. Since the enactment of section 1183, Code 1907, a municipality is not liable on an implied contract, under the facts in this case. Authorities next above.

Thos. A. Curry and Grady Reynolds, both of Clanton, for appellee.

The town was liable. 83 Ark. 275, 103 S. W. 605, 13 L. R. A. (N. S.) 157, 119 Am. St. Rep. 139; (Tex. Civ. App.) 37 S. W. 646; 114 Ala. 433, 21 South. 960; 60 South. 426; 45 Ala. 243; 137 Ky. 575, 126 S. W. 124, 27 L. R. A. (N. S.) 1126.

McCLELLAN, J. The county of Chilton obtained the judgment appealed from against the town of Clanton (appellant) on the theory that the town was due the county the sum adjudicated in consequence of the fact that the county had, through the county's road con-

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tractor, improved a street in the town—a street that connected at the corporate limits of the town with a cross-county highway then being built by the county. It appears that the source of the money wherewith it was contemplated the improvement of this street in Clanton was to be paid for was "interest-bearing" warrants issued by the county against the special road and bridge fund derived from a levy for that purpose under section 215 of the Constitution of 1901; and the completed improvement of this street was paid for by this method.

[1] In view of the restrictive provisions of section 215 of the Constitution, the county authorities were forbidden to devote or to apply, directly or indirectly, the product of such special levy to the repair, construction, or improvement of any street in the town of Clanton; funds so derived or to be collected being restricted to use on, or to improve, public roads of the county. City of Demopolis v. Marengo County, 195 Ala. 214, 70 South. 275; County of Montgomery v. City of Montgomery, 190 Ala. 366, 67 South. 311, collecting earlier decisions. Hence any effort of the county of Chilton to so engage with the town of Clanton (if so) was wholly void, impossible of valid consummation.

[2-5] The trial court entertained, and through rulings on the pleading, on the admission of evidence, and instruction of the jury, gave effect to the view that the circumstances and acts indicated raised up an implied promise on the part of the town of Clanton to pay or reimburse the county of Chilton the money expended by the county in improving, to the advantage of the town of Clanton, the street in question. As stated, no valid express contract between the county and the town could have been made with respect to the devotion, present or prospective, to the improvement of the town's street special road and bridge funds, collected or to be collected under the special levy authorized and governed in application by section 215 of the Constitution. In addition, no contract executed as Code, § 1183, prescribes (City of Mobile v. Mobile Electric Co., 203 Ala. 574, 84 South. 816) was shown. So the only possible theory of right in the county to recover must be found, if at all, in a promise implied by law. Section 1183 of the Code itself does not conclude against the raising up of an implied promise on the part of a municipality in a proper case to satisfy obligations that in equity and good conscience it should discharge (see Allen v. Intendant, etc., 89 Ala. 641, 647, 8 South. 30, 9 L. R. A. 497); the whole design and effect of the statute being to define the mode of execution of express contracts by municipalities within its contemplation. It was not intended to affirm anything to the contrary in City of Mobile v. Mobile Electric Co., supra. If the money in question, derived from the special road and bridge fund (Const. § 215), had been paid to the town by the county authorities, the recent deliverance in City of Demopolis v. Marengo County, supra, would confirm the correctness of a judgment therefor against the town in favor of the county. In the present instance no money was paid to the town. The county authorities proceeded to improve the street on the mistaken assumption that a valid express contract, between the town and the county, justified the county in improving the street, by anticipating the receipt of funds to be derived from the special levy for road and bridge purposes (Const. § 215) and drawing interest-bearing warrants against such funds, on the assurance (mistakenly assumed to have been validly given) that the amount so paid to the contractor for doing the work on the street should be repaid to the county; that the county should be reimbursed in the fair sum the county should expend in improving the street. There is no legally admissible evidence of corporate action by this municipality in respect of this street's improvement, the only means of proof of such action being the record of proceedings of the municipality's governing body; verbal recitals of acts by members or officers of such bodies not sufficing to afford evidence in the premises. City of Greenville v. Greenville Water Works Co., 125 Ala. 625, 643, 27 South. 764; Ala. City, etc., Ry. Co. v. Gadsden, 185 Ala. 263, 267, 64 South. 91, Ann. Cas. 1916C, 573; City of Birmingham v. Chestnutt, 161 Ala. 253, 257, 49 South. 813. Aside from other considerations that might conduce to the like result, denying liability as upon an implied assumpsit, it is entirely clear from this record that there was not shown any such legally sufficient acceptance by the municipality of the benefit of the work done by the county in improving this street as would warrant the law's implication of a promise by the municipality to pay therefor. Aarnes v. Windham, 137 Ala. 513, 34 South. 816; Mountain Terrace Land Co. v. Brewer, 165 Ala. 242, 245, 51 South. 559. The mere use of the street in its improved state by the residents of the town would not, of course, justify a finding of an acceptance of the work or the benefit resulting from it, since acceptance, within the contemplation of this doctrine, presupposes an option or choice to reject or to accept, and manifestly even this municipality, much less its citizens, could not be held to the consequences of an acceptance in the premises because the street, in its improved state, was not abandoned.

The judgment against the town is affected with error. It is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.