HENRY WEIS MFG. CO. and DETROIT STEEL PRODUCT CO.
v. J. WALTER JONES, et al.

Western Section.    November 12, 1926.

Petition for Certiorari denied by Supreme Court April 9, 1927.

1. **Notice. Mechanics liens.  Notice to one member of a board is notice
to the entire board.**
In an action to recover on an account for materials furnished to a
contractor for a school house where it was urged that the party had not
given notice required by the statute where he gave notice to only one
member of the school board, held that notice to one member of the board was
sufficient for the entire board.

2. **Notice. Mechanics liens.  The notice required by section. 3546a7 does
not have to be served by an officer.**
The statute, section 3546a7, does not require a furnisher of materials
to personally file a notice.  The notice is not process does not have to be
served by an officer, but the itemized statement must be filed with the
proper official who had charge of the letting of the contract within thirty
days after the contract is completed, or after it is abandoned.

Appeal from Chancery Court, of Shelby County; Hon. Wightman
H. Hughes, Judge.

Affirmed.

Wilson, Gates & Armstrong and L. E. Farley, of Memphis, for ap-
pellant.

George S. Knapp, of Memphis, for appellee.

OWEN, J.    The Hartford Accident and Indemnity Company, a
corporation has appealed from two decrees rendered in the chancery
court of Shelby county.    One in favor of complainant Henry Weis
Manufacturing Company, and the other in favor of the Detroit Steel
Products Company.    By consent these two causes were heard to-
gether as they involved the same facts and same questions of law,
the only difference being as to the amount and accounts claimed by
the two different complainants.

Complainants' bills were filed to enforce a lien for material fur-
nished J. Walter Jones in erecting or constructing a public school
building for the Board of Education of Memphis City Schools, and
which school building was known as the South Side or Richmond
High School.    As required by chapter 182, Acts of 1899, set forth in
sections 3546a4 to 3546a7, Shannon's Code, the said Board of Edu-
cation, which is a body politic and corporate, created by an Act of
legislature, Jones the contractor executed a bond on which the ap-
pellant herein became surety.    Said contract was for the consider-

ations of erecting this building for more than a year. His construc-
$88,000. It appears that Jones the contractor continued his oper-
ations of erecting this building for more than a year. His construc-
tion of said building was under the direction of Architect Pheil. In
the latter part of February, 1923, the appellant, the Surety Company,
learned that Jones was not paying his laborers and his materialmen,
so the appellant received the cash or fund that was due Jones on the
estimate by the Architect on February 26, 1923, which amounted to
$3,715. This fund was deposited in one of the Banks of Memphis,
Tennessee, to the credit of the appellant. On March 10th, Jones
cancelled his contract with the Board of Education and the uncom-
pleted building was taken over and completed by the appellant under
a separate new contract between it and the Board of Education. On
March 19, 1923, Jones sent out letters to his creditors informing them
that his contract had been cancelled on March 10th.

It appears that after the appellant took over the completion of said
building, and made its contract with the Board of Education, it re-
tained Mr. Jones for several weeks at $50 per week, to direct the
further construction and completion of said building. About the
20th of May, 1923, Jones left Memphis and was located in Los An-
geles, California, at the time his deposition was taken in this cause.

The appellant's defense to the two bills filed in these causes is
that complainants each failed to comply with section 3546a7 of
Shannon's Code, which section is as follows:

"A laborer or furnisher of materials to secure advantage of
sections 3546a4 and 3546a5 shall file with the public official who
has charge of the letting of any contract, an itemized state-
ment of the amount owed by the contractor for materials and
labor used within thirty days after the contract is completed."

Appellant also insists that Jones should have had a credit of $500
on the account of the Detroit Steel Products Company. A number
of depositions were taken, the Chancellor sustained both bills and
rendered a decree for each complainant for the amount sued on.

The appellant excepted to said decree, prayed, and was granted an
appeal in each case, perfected the same and has assigned five errors in
this court.

The first error is that the Chancellor erred in holding that the no-
tice left with Walter L. Gray by a deputy sheriff on March 6, 1923,
and which notice was later delivered by Walter L. Gray to his wife
Mrs. Walter L. Gray on March 18, 1923, was a filing of such state-
ments by the respective claimants thirty days from the abandonment
of the contract.

By the second assignment it is insisted that Mrs. Walter L. Gray
was not the officer having in charge the letting of the contract for
the building of the school building.

The third and fourth assignments raise the question as to any liability of the defendant as to either complainant, and the fifth assignment insists that the Chancellor should have allowed a credit of five hundred dollars ($500) on the claim of the Detroit Steel Products Company.

It appears at the time of this legislation, and when the contract for the building of the school building in controversy was executed, the officers and members of the Board of Education were L. C. Humes, Mrs. Walter L. Gray, Morgan C. Ketchum, Mrs. S. J. Ellis, and Mrs. J. D. Browne. The President was L. C. Humes, the Vice President, Mrs. Walter L. Gray. The secretary was not a member of the school board. The contract was let by the entire school board, the five members, and no one of the five members had any special supervision of said building. No member of the school board was designated as the officer in charge of said building.

While the Chancellor held that J. Walter Jones did not abandon his contract until March 10, 1923, we are of the opinion that the appellant was in charge of the building from February 26th, when it accepted the amount of cash paid at that time by the Board of Education to Jones, and appellant began to pay certain laborers and material men out of said estimate. On February 26, 1923, both complainants delivered through a deputy sheriff to all the individual members of the Board of Education, itemized statements of the amounts owed them by Jones for material and labor furnished on the Richmond School building, but on said date Mrs. Walter L. Gray, the Vice President, was out of the City of Memphis, and she could not be reached. The Deputy Sheriff left Mrs. Gray's notice with her husband Walter L. Gray on March 6, 1923. Mrs. Gray received these notices on March 18, 1923, from her husband with whom they had been left on March 6th. It appears that Mrs. Gray returned to Memphis, March 18th, the day she received the notices. The Chancellor held in substance that:

"1.  That the procedure outlined above amounted to a filing of the itemized statements of the claims of the complainants with the Board of Education as required by section 3546a7 of Shannon's Annotated Code, that is, that said statements were filed with said Board within thirty days after the completion of the contract.

"2.  That the receipt of said notices or statements by Mrs. Walter L. Gray was, as a matter of law, a filing of the same with the official having in charge the letting of the original contract, as required by said section.

"3.  That the claim of the Weis Manufacturing Company was subject to credits in the sum of $217.11, and that said Company was entitled to recover $2050.89.

"4. That the claim of J. Walter Jones for a credit of $500 on the Detroit Steel Products Company claim was not proven, and that the Detroit Steel Products Company was entitled to recover $3280.

"On the basis of these holdings the Chancellor entered decrees against Jones and the Hartford Accident and Indemnity Company as surety in favor of the complainants for $2050.89 and $3280 respectively, with interest and costs."

Appellant in support of its assignments of error makes the following insistence, and cites authorities in support thereof as follows:

"The Board of Education of Memphis City Schools is a quasi-municipal corporation. Act approved January 27, 1869. Shankland v. Phillips, 3 Cooper's Chancery, 559; Bayless v. Driskell, 5 Lea, 265.

"The remedy given laborers and furnishers of material on public buildings by chapter 182, Acts of 1899, is analogous to the rights existing in favor of such persons on private buildings, that is, to mechanic's liens.

"In order to secure the benefit of that Act, a claimant must show strict compliance therewith. Thompson v. Baxter, 8 Pickle, 305; Nance v. Park Construction Company, 103 Tenn., 298; Hotel Company v. Construction Company, 8 Thomp., 305; Manufacturing Company v. Falls, 8 Pickle, 609; Fallon v. O. and M. R. Company, 45 Ill. App., 572.

"The filing of a statement of claim by a person who has furnished labor or material on a public building, prior to completion of the contract therefor, is premature and of no effect. Manufacturing Company v. Falls, 8 Pickle, 609; Bristol v. Bostwick, 139 Tenn., 304; Bristol v. Bostwick, 146 Tenn., 205.

"The itemized statement required by the Act of 1899 must be filed by claimant or his agent. Ruprecht v. New York, 102 N. Y. App. Div., 309, 92 N. Y. S., 421; The Mayor of Birmingham v. Chestnutt, 161 Ala., 253, 49 Sou., 813.

"The itemized statement required by the act must be left with the party to whom notice is required to be given. Tennessee Central Railroad Company v. Smith (C. C. A. Tennessee), 1 Higgins, 208.

"The mailing of such a statement will not amount to filing thereof. Burford v. Mayer, etc., of New York, 26 N. Y. App. Div., 225, 49 N. Y. Supp., 969.

"Where a statute requires the filing of a statement with, or the giving of notice to a particular person or body, it must be presented to that person or body.

"In the case of a board, if the board be not in session, the leaving of the notice or statement with the agent of the board

having charge of its records and whose duty it is to present such matters to the board would be sufficient; and probably the filing of such statement with the president of such board or with some officer or agent of the board having in charge the particular matter to which the statement relates.

"The leaving or filing of such a statement with an individual who happens to be a member of a corporate body such as the Board of Education of Memphis City Schools, where such person is not the chief officer of that body nor the officer having control and custody of the records thereof, nor having in charge the particular work to which such statement relates, is not a filing thereof with the board itself. McQuillen on Municipal Corporations, section 2810; Municipal Corporations, 28 Cyc., 459, 1758; Mark v. Village of West Troy, 23 N. Y. S., 422; Rockland Lake Trapp Rock Company v. Port Chester, 92 N. Y. S., 631; Gaffney v. Dickson, 157 Ill. App., 589; Bacon v. Antigo, 103 Wisconsin 10, 79 N. W., 31; Roberts v. Village of St. James, 76 Minn., 459, 79 N. W., 519; Kelley v. Minneapolis (Minn.), 79 N. W., 653; Whalen v. Bates, 19 R. I., 274, 33 Atl., 224; McKenna v. Bates (R. I., 1896), 35 Atl., 580; White v. Nashville, 134 Tenn., 688.

Counsel for the appellees make the following insistence:

"The only question of law for the court to decide here is whether or not appellees have complied with section 3546a7 of Shannon's Annotated Code, 1917 Edition, which is as follows:

"3546a7 STATEMENT TO BE FILED WITH OFFICER LETTING CONTRACT.—The laborer or furnisher of materials, to secure advantage of sections 3546a4 and 3546a5, shall file with the public officer who has charge of the letting of any contract, an itemized statement of the amount owed by the contractor for materials and labor used within thirty days after the contract is completed. (1899, ch. 192, sec. 4)."

"All that the statute requires is that the Board, who was the 'public officer who had charge of the letting of the contract' receive notice of complainant's claim within thirty days after completion of the contract. Ellis-Mylrois Lbr. Co. v. St. Luke's Hospital, 205 Pac. (Wash.), 398; Hensel v. Johnson (Md.), 51 A. L. T., 575, 577; Blanchard v. Ely (Mass.), 61 N. E., 218; Bassett & Clapp v. Bertorelli, 92 Tenn., page 425, syllabus 553; Williams v. Bailey, 68 W. Va., 681; 70 S. E., 606.

"The Board of Education acted as a body in letting this contract and notice to one member of the Board was notice to all. Padgett v. Dallas, etc., Co., 51 S. W. (Tex.), 529; Tagg v. Tennessee National Bank, 56 Tenn., 479; Bank v. Shook, 100 Tenn., 436; Raht v. Mining Co., 73 Tenn., 1."

We are of the opinion that a notice to one member of the Board of Education was sufficient for the entire board. The deputy sheriff, Mr. Scott, left the notice with Mr. Walter L. Gray, husband of Mrs. Walter L. Gray, Vice President of the School Board, and Mr. Gray delivered this notice to his wife as soon as she returned to the City of Memphis. It is true that some of the members of the School Board had notice on March 6th, but Mrs. Gray did not receive a notice until March 18th, which would make her notice come within the thirty-day period from March 10th, the day Jones abandoned the contract.

In Bassett and Clapp v. Bertorelli, 92 Tenn., page 425, it is held with reference to giving notice that;

"The leaving of a notice with the defendant by a private individual, as the agent of complainants, 'was likewise all that the law requires in that respect.' It had the same virtue as regular service by an officer would have had. The notice required by statute is not process and is merely a private instrument in writing, hence it is in no sense essential that it should be served by an officer."

The statute, section 3546a7 does not require a furnisher of materials to personally file a notice. The notice is not process, does not have to be served by an officer, but the itemized statement must be filed with the proper official who had charge of the letting of the contract within thirty days after the contract is completed, or after it is abandoned.

This is a litigation between the furnishers of material and the contractor, and the contractor's paid surety. It was proper for the Board to have a notice according to the statute so that the Board of Education would be in a position to know what amount of the material used by the contractor in the construction of the school building had not been paid for, so that a proper settlement could be made with the contractor after the completion of his contract, and should there be a default on his part, the Board of Education would have its recourse against the surety. Notice to one member of a board or a body, is notice to all the members of such board about matters of which they are directly concerned, and which come directly under their supervision. Tagg v. Tennessee National Bank, 56 Tenn., 379; Raht v. Mining Company, 73 Tenn., p. 1; Bank v. Shook, 100 Tenn., 333.

Mrs. Gray was as much interested, and bore the same responsibility as any other member of the Board of Education in the construction of said building known as the Richmond High School.

We have examined a number of the authorities cited by appellant in regard to mailing statements, and a statement must be left with the parties to whom notice is required to be given. These authorities are either constructing a statute different to the Tennessee stat-

ute requiring notice, or the authorities cited refer to facts different to the facts of the instant case. It results that the assignments of error are overruled. We hold that as a matter of fact the complainants gave a good and valid notice to a proper officer of the School Board within the thirty days required by the statute.

As to the credit of $500 Mr. Jones claimed against the Detroit Steel Products Company, Jones failed to prove any damages in the way of an offset or recompensation. He testified that he did get up an itemized statement covering the credit made by him. He did not carry out his statement of furnishing the itemized statement. His deposition is very unsatisfactory as to this credit or credits aggregating $500. He claimed $95 for paint that was rubbed off of some of the steel. It was shown that someone for the Board of Education retouched the damaged steel and Jones was not charged with this retouching. The $95 item is about on a par with his other testimony in regard to these credits. It results that we find no error in the decrees of the Chancellor. The assignments are overruled and disallowed, and the judgments of the lower court are in all things affirmed.

Complainants will recover of the defendant and its surety on appeal bond, the amount of their respective judgments, interests thereon and costs, and for which execution will issue.

Heiskell and Senter, JJ., concur.