(78 South. 879)

Ex parte COWART. (3 Div. 352.)

(Supreme Court of Alabama. May 9, 1918.)

1. EMBEZZLEMENT ⚖⟾5 — EMBEZZLEMENT BY PUBLIC OFFICER—FRAUDULENT INTENT.

Under Code 1907, § 6838, relating to embezzlement by public officers, and declaring a public officer who knowingly converts to his own use or permits another to use any revenue of the state or any county thereof or any money paid into his office or received by him in his official capacity may be convicted as if he had stolen it, a fraudulent intent is not an essential ingredient of the crime.

2. EMBEZZLEMENT ⚖⟾5 — EMBEZZLEMENT BY AGENT—TRUSTEE OR BAILEE—FRAUDULENT INTENT.

Under Code 1907, § 6831, relating to embezzlement by an agent, trustee, or bailee, a fraudulent intent is an essential ingredient of the crime.

3. EMBEZZLEMENT ⚖⟾48(2) — EMBEZZLEMENT AS TRUSTEE OR BAILEE—CHARGE.

In prosecution under Code 1907, § 6831, for embezzlement as bailee or trustee of the state, a charge that if defendant knowingly used money belonging to the state he would be guilty was erroneous, as omitting the essential ingredient of fraudulent intent.

4. CRIMINAL LAW ⚖⟾822(1) — TRIAL — CONSTRUCTION OF CHARGE.

A part of a charge excepted to should be construed in connection with the whole charge.

5. CRIMINAL LAW ⚖⟾823(5)—INSTRUCTIONS— INGREDIENTS OF OFFENSE—CURE OF ERROR.

In prosecution under Code 1907, § 6831, for embezzlement as trustee or bailee of the state, error in a charge omitting the essential ingredient of fraudulent intent, not cured by other charges and not elsewhere corrected by the trial court in its charge, was reversible error.

McClellan and Gardner, JJ., dissenting.

Certiorari to Court of Appeals.

Lee Cowart was convicted of the statutory offense of embezzlement, and from a judgment of the Court of Appeals (79 South. 398) he petitions for certiorari. Writ of certiorari awarded, judgment of Court of Appeals reversed, and cause remanded to that court.

See, also, ante, p. 55, 77 South. 349.

Richard V. Evans, of Birmingham, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for appellee.

PER CURIAM. The petition in this cause presents for consideration the ruling of the Court of Appeals as to exception numbered 3 to the court's oral charge to the jury, which said exception was held by this court to be sufficiently definite and properly reserved for consideration in Ex parte Lee Cowart (present term) ante, p. 55, 77 South. 349. The exception referred to and considered by the Court of Appeals is as follows:

"When he drew that money out of the bank, then it was his duty not to have appropriated the money to his own use, but it became his duty to place that money where it belonged, which was in the treasury of the state. Now you recall the evidence which has been offered with reference to the deposits made by him in the state treasury with the auditor, and fail-

ing to do that he then used knowingly money that belonged to the state, and under that he would be guilty."

Petitioner was tried under an indictment containing eight counts. The first count was under section 6838 of the Code of 1907, charging embezzlement by a public officer. The six counts following were drawn under section 6831 of the Code of 1907, charging embezzlement by an agent, trustee, or bailee, and the last was a larceny count. The petitioner was convicted under count 4 (the verdict so specifying), which said count was drawn under section 6831 of the Code, and is as follows:

"The grand jury of said county further charge that before the finding of this indictment Lee Cowart, being at the time the bailee or trustee of the state of Alabama, embezzled or fraudulently converted to his own use money to about the value of $50, which had come into his possession by virtue of such bailment or trusteeship."

[1, 2] Under count 1 of the complaint fraudulent intent was not an essential ingredient of the crime, as under section 6838 of the Code a public officer who knowingly converts to his own use, or permits another to use, any of the revenue of the state, or of any county thereof, or any money paid into his office or received by him in his official capacity, may be convicted as if he had stolen the same. Under counts 2, 3, 4, 5, 6, and 7, however, drawn under section 6831 of the Code, fraudulent intent is an essential ingredient of the crime.

[3] The portion of the charge excepted to, above set out, in substance charged the jury that if the defendant knowingly used the money that belonged to the state he would be guilty. The majority of the court are of the opinion that this charge was clearly erroneous, and is properly construed as meaning that the defendant would be guilty under the counts as set forth in the indictment, and that as to count 4, under which the defendant was convicted, the charge was clearly erroneous, in that a fraudulent intent was an essential ingredient for conviction as charged in said count.

[4, 5] It is recognized that the portion of the charge here excepted to should be construed in connection with the whole charge of the court; but the court is of the opinion that the extracts from the oral charge set out in the opinion of the Court of Appeals do not cure the error contained in that portion of the charge to which the exception was reserved, and that the erroneous instruction was not elsewhere corrected by the trial court in his charge to the jury. The court is therefore of the opinion that, as the fraudulent intent was an essential ingredient under count 4 of the complaint, the portion of the charge here excepted to was such error as to call for a reversal of the cause.

The writ of certiorari is therefore awarded, and the judgment of the Court of Appeals reversed and the cause remanded to that court.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD, SAYRE, SOMERVILLE, and THOMAS, JJ., concur.

McCLELLAN, J. (dissenting). The excerpt from the oral charge of the court, quoted ante in the opinion per curiam, was free from error. The substance of this excerpt was referable to the offense charged in count 1 of the indictment, and that count conformed to Code, § 6838. Section 6838 reads:

"Any probate judge, clerk of a court of record, register in chancery, sheriff, coroner, tax collector, county treasurer, trustee of public schools, notary public, justice of the peace, constable, or other public officer, who knowingly converts to his own use, or permits another to use any of the revenue of the state, or of any county thereof, or any money paid into his office, or received by him in his official capacity, is liable to indictment, and, on conviction, must be punished as if he had stolen it."

The difference between this section (6838) and section 6831 is apparent, due, doubtless, to the fact that in the former (6838) the lawmakers were providing a penal law for public officials, while in the latter (6831) the purpose was to define an offense committed by agents, etc., who are not public officials.

Since a defendant against whom offenses are efficiently charged in two or more counts of an indictment may be convicted for the offense charged in any one of the two or more counts of the indictment so found by the jury to be proven beyond a reasonable doubt, it would not be error for a trial court to instruct the jury, either ex mero motu or upon request, that, if the facts (hypothesized by the court) essential to constitute an offense charged in one of the two or more counts in an indictment are found by the jury to be proven beyond a reasonable doubt, he would be guilty; should be convicted. If the indictment in this case had only contained count 1, it is manifest that the excerpt under consideration would not be held for error. The fact that there were other counts in the indictment charging offenses in which there was an element or elements not necessary to describe an offense under section 6838 would not serve to render erroneous an instruction that correctly defined a predicate for guilt in complete harmony with one of the counts, which in turn, efficiently charged an offense under a penal statute.

The further fact that the jury, subsequent to the giving of the instruction complained of, returned a verdict of guilty under another count (count 4, in this instance), could not characterize as erroneous the instruction that, when given to the jury, was free from error. In no event could the matter of the excerpt in question have been more than possibly misleading (Rose's Case, 117 Ala. 77, 79, 80, 23 South. 638, treating the fourth

refused charge); and if the defendant conceived he might be prejudiced thereby he should have requested explanatory instructions.

The writ prayed should, in my opinion, be denied.

GARDNER, J., concurs.