(81 South. 366)

BROWN v. STATE.   (6 Div. 543.)*

(Court of Appeals of Alabama.   Feb. 11, 1919. Rehearing Denied March 18, 1919.)

1. CRIMINAL LAW ⬅=844(1)—TRIAL—EXCEPTIONS—SUFFICIENCY.

An exception, sufficiently definite to have directed the court's attention to the principle announced in a part of the charge so that it could have been modified or changed, is sufficient.

2. INTOXICATING LIQUORS ⬅=139—OFFENSE —ILLEGAL POSSESSION.

The fact that whisky was placed on the premises of a soft drink establishment by a third party, with the owner's knowledge, is not a violation of Acts 1915, p. 13, § 16, condemning the keeping or storing of prohibited liquors on the premises of a person engaged in selling beverages.

3. JURY ⬅=22(4) — WAIVER OF TRIAL BY COURT—FAILURE TO OBJECT.

Failure of accused to object to trial by jury in a prosecution for violation of the prohibition law is a waiver of his right to trial by court in a misdemeanor prosecution, but on new trial such cause should be tried without a jury.

Appeal from Circuit Court, Cullman County;   Robert C. Brickell, Judge.

Jess Brown was convicted for violating the prohibition laws, and he appeals.   Reversed and remanded.

Emil Ahlrichs, of Cullman, for appellant. Emmett S. Thigpen, Atty. Gen., for the State.

SAMFORD, J.   [1] The court in its oral charge said:

"I charge you that if this whisky, that is, this prohibited liquor or beverage, if it was left on the premises where the soft drink business was carried on, with the knowledge of this defendant, and you are satisfied of that beyond a reasonable doubt, he is guilty."

To this part of the charge the defendant excepted; and, while the exception is not as definite as it might be, still, under the rule as laid down in Ex parte Cowart (Sup.) 78 South. 879,[1] we are of the opinion that it was sufficiently definite to have directed the attention of the trial judge to the principle announced in that part of his charge, so that it could have then been modified or

changed, if the trial court should have seen fit to do so.

[2] The prosecution in this case was limited by the court to the charge under section 16 of an act of the Legislature of 1915 (Acts 1915, p. 13), which section is as follows:

"That it shall be unlawful for any person, firm or corporation engaged in the business of selling beverages to keep or store on the premises where said beverage business is conducted any prohibited liquors or beverages, the sale, offering for sale, or other disposition of which is prohibited by the law of Alabama, and any person so violating this section shall be guilty of a misdemeanor; and this section is enacted to prevent evasions of the law and to remove opportunity of evading the law by selling prohibited beverages under cover of the legitimate beverage business."

Under this section, the mere fact that a defendant, who was engaged in selling soft drinks, knew that a third person, with whom he had no connection, had placed a bottle of whisky at some place on the premises would not be sufficient to convict him of crime. The act condemned is the keeping or storing on the premises, of prohibited liquors, by a person engaged in the business of selling beverages.   The court erred in that part of its oral charge above quoted.

[3] The court should have tried this case without a jury.   Baader v. State (Sup.) 77 South. 370.[2]   But the defendant did not object to the trial by jury, and therefore will be held to have waived the right to be tried by the court.   However, this waiver is only to the trial that had already been had, and upon another trial the court will proceed to try the case without the aid of a jury. Baader Case, supra.

It is not necessary to pass upon the other questions presented.

Reversed and remanded.