(128 So. 777)

## WILKERSON v. STATE.
### 6 Div. 634.

Court of Appeals of Alabama.
April 8, 1930.

Rehearing Denied April 22, 1930.

Jim Gibson, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., and Wm. P. Cobb, Asst. Atty. Gen., for the State.

RICE, J.

The indictment, on which appellant was tried, was as follows:

"The State of Alabama,
"Jefferson County.

"Circuit Court of Tenth Judicial Circuit.
"January Term, 1929.

"The Grand Jury of said county charge that, before the finding of this indictment, J. D. Wilkerson, whose christian name is to the grand jury otherwise unknown, did, subsequent to November 6th, 1927, unlawfully transport five gallons or more of intoxicating liquors or beverages, the sale, possession, or transportation of which is prohibited by law, against the peace and dignity of the State of Alabama.

"Geo. Lewis Bailes, Solicitor Tenth
Judicial Circuit of Alabama.
"A true bill.
"W. P. Turpin,
"Foreman of the Grand Jury."

The verdict of the jury trying the case found "the defendant guilty as charged in the indictment." Whereupon, he was adjudged guilty, "as charged in the indictment," and sentenced to "be imprisoned in the penitentiary of the State of Alabama for a term of one year and one day as a minimum sentence, and for a term of one year and one month as a maximum sentence." The trial, conviction, judgment, and sentence were all conducted, had, rendered, and imposed, under the manifest theory that appellant was duly and properly charged with the commission of a felony, under the term of the act of the Legislature of Alabama approved September 6, 1927 (Gen. Acts of Ala. 1927, pp. 704, 705) entitled, "An Act to prohibit the transportation of any of the liquors or beverages, the sale or possession, or transportation of which is now prohibited by law in Alabama, in quantities of five gallons or more, and to fix a penalty therefor."

The evidence, on behalf of the state, was ample to support the verdict of the jury and the judgment rendered, and sentence imposed, as for appellant's being guilty of a felony, as charged in the indictment.

Appellant strenuously insists that the trial court committed reversible error in overruling his demurrers to the indictment. He assigned a number of grounds, but the only ones worthy of serious attention are those which raise the question of the invalidity, vel non, of the single count of the indictment because, as he argues, of "a failure to allege that the prohibited liquor or beverages was transported by the defendant in quantities of five gallons or more."

It is true, as argued by appellant, that, on demurrer, an indictment will be construed most strongly against the pleader. Coker v. State, 207 Ala. 656, 93 So. 383. But it is also true that "the words used in an indictment must be construed *in their usual acceptation in common language*." (Italics supplied by us.) Code, 1923, § 4530. So construing the words used in the indictment in the instant case, consisting, as we have noted, of but a single count, we are clear to the conclusion that the same, according to "their usual acceptation in common language," charge the appellant with unlawfully transporting prohibited liquors "in quantities of five gallons or more," etc. True, the charge in the indictment is not *just* in *those words*, as it would seem it could so easily have been drawn. But, if one said to "any one in the street" that "A. B. unlawfully transported five gallons or more of intoxicating liquors," etc., the said "one in the street" would, we think, without hesitation, or a doubt, understand, and act, if any action were necessary, upon the information. that A. B. was charged with transporting all of it at one and the same time. The law, and the courts, we believe, should do no less. Code 1923, § 4530, supra. We therefore hold the indictment was not subject to demurrer.

We have searched the record for prejudicial error, but, finding none, the judgment of conviction is affirmed.

Affirmed.