(129 So. 314)

### MARS v. STATE.

### 6 Div. 633.

Court of Appeals of Alabama.

April 22, 1930.

Rehearing Denied June 24, 1930.

Jim Gibson, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The appeal is on the record, and presents the single question of the sufficiency of the indictment as tested by demurrer. The statute reads: "That it shall be unlawful for any person, firm or corporation, or association within this State to transport in quantities of five gallons or more any of the liquors or beverages, the sale, possession or transportation of which is now prohibited by law in Alabama. Any of the above persons who may be convicted for violating this Act shall be guilty of a felony, and upon conviction, shall be imprisoned in the penitentiary of this State for a period of not less than one year, nor more than five years." Acts 1927, p. 704, § 1; Michie's Code 1928, § 4717(1).

The indictment charges: "The Grand Jury of said county charge that, before the finding of this indictment, J. W. Mars, whose Christian name is to the grand jury otherwise unknown, did, subsequent to November 6th, 1927, unlawfully transport five gallons or more of intoxicating liquors or beverages, the sale, possession or transportation of which is prohibited by law, against the peace and dignity of the State of Alabama."

Being in disagreement as to the sufficiency of the indictment this court propounded to the Supreme Court the following question:

"To the Honorable John C. Anderson, Chief Justice of the Supreme Court and Associate Justices.

"Greetings: The Judges of the Court of Appeals being unable to reach an unanimous conclusion or decision in the above styled cause now pending in said Court of Appeals, acting under and by authority of Section 7311 of the Code of 1923 submits to the Supreme Court the following question:

"The Statute involved in the consideration of this case reads as follows:

"'That it shall be unlawful for any person, firm or corporation, or association within this State to transport in quantities of five gallons or more any of the liquors or beverages, the sale, possession or transportation of which is now prohibited by law in Alabama. Any of the above persons who may be convicted for violating this Act shall be guilty of a felony, and upon conviction, shall be imprisoned in the penitentiary of this State for a period of not less than one year, nor more than five years.' Acts 1927, p. 704, § 1, Michie's Code 1928, § 4717(1).

"The indictment charges:

"'The Grand Jury of said county charge that, before the finding of this indictment, J. W. Mars, whose Christian name is to the grand jury otherwise unknown, did, subsequent to November 6th, 1927, unlawfully transport five gallons or more of intoxicating liquors or beverages, the sale, possession or transportation of which is prohibited by law, against the peace and dignity of the State of Alabama.'

"Quaere: Is the indictment above set out subject to demurrer in that it fails to charge the transportation of prohibited liquors in quantities of five gallons or more as condemned by the Statute?

"As suggestive of the difference of this Court, we are transmitting to you also the two opinions prepared by the different Judges for your information and consideration.

"All of which is respectfully submitted."

To this question the Supreme Court made the following response:

"Response to Inquiry Certified by the Court of Appeals.

"The Court of Appeals, proceeding under the authority of section 2 of the Act of March 9th, 1911 (Acts p. 96), certifies to this court the following inquiry:

"An indictment pending on appeal in that court charges:

"'The grand jury of said county charges that before the finding of this indictment, J. W. Mars, whose Christian name is to the grand jury otherwise unknown, did, subse-

quent to November 6th, 1927, unlawfully transport five gallons or more of intoxicating liquors or beverages, the sale, possession or transportation of which is prohibited by law, against the peace and dignity of the State of Alabama.'

"Quaere: Is the indictment above set out subject to demurrer in that it fails to charge the transportation of prohibited liquors in quantities of five gallons or more as condemned by the statute?

"Two opinions are transmitted to this court along with the inquiry as showing the diversity of opinion among the judges of the Court of Appeals. This court adopts the opinion of Rice, J., as containing a correct exposition of the law on the subject of the inquiry.

"Chief Justice Anderson, and 'Associate Justices Sayre, Thomas, Bouldin and Foster concur.

"Gardner and Brown, JJ., dissent.

"Let this opinion be certified to the Court of Appeals."

 Under the law, this court is bound by the response, and on its authority and that of Wilkerson v. State, ante, p. 520, 128 So. 777, this judgment is affirmed.

Affirmed.