(135 So. 575)

**BROOKS v. TOWN OF OXFORD et al.**

**7 Div. 9.**

Supreme Court of Alabama.

June 18, 1931.

S. W. Tate, of Anniston, for appellant.

Merrill, Jones & Whiteside, of Anniston, for appellees.

SAYRE, J.

The complaint, after alleging that defendant (appellee), town of Oxford, was engaged in furnishing water to the citizens of the town for hire, and that the town for a long time had been furnishing water to plaintiff at the rate of $3.75 a quarter, meaning of course three months, alleged that the town wrongfully cut off plaintiff's water supply and discontinued the same for- that plaintiff refused to pay an excess charge of $2 which plaintiff did not owe—this, in substance, the amended complaint which the court considers to have stated a cause of action against the town, and the trial court's ruling on demurrer shows that it entertained the same opinion as to the sufficiency of that complaint.

The trial court, after hearing the evidence, gave at appellees' request the general charge, and there followed verdict and judgment accordingly. The brief for appellees would justify the giving of the charge requested by appellees on the ground that the amended complaint stated no cause of action. We have indicated our judgment that the result cannot be justified on that ground.

For additional and alternative justification of the court's action in giving the general charge for appellees, it is suggested that Borders and Pace, who, acting as agents, servants, or officers of the defendant municipality and within the line and scope of their authority as such agents, servants, or officers, are alleged to have wrongfully cut off and discontinued plaintiff's water supply, are sued jointly with appellee municipality for the wrong complained of, were improperly joined as parties defendant, and for that reason the general charge for "the defendants" was properly given, the argument being that as individuals they were not personally liable for what they did as agents, servants, or officers of the defendant municipality. If it be conceded, for the argument, that the named persons could not be held liable individually for what they did on behalf of the municipality, still the general charge for "the defendants," meaning of course all the defendants, cannot be justified. The evidence pointed very persuasively to the conclusion that appellant's water supply had been cut off improperly and unjustly, and hence the general charge in the terms in which it was framed was improperly given.

There is no need to consider specifically the rulings on evidence shown by the record. They appear to have been induced by the argument that plaintiff had shown no contract in writing between himself and defendant municipality by which defendant was bound to furnish water to plaintiff. It is not considered that a contract in writing was necessary for the establishment of contractual relations between plaintiff and defendant municipality, and the allegation that defendant had for years furnished water to plaintiff at a rate specified in the complaint and that defendant had cut off plaintiff's water supply by reason of an alleged excess which did not in fact exist sufficed to state a cause of action.

There may be other considerations which would lead to the same result; but we have treated the case presented by the briefs and will leave it at that.

Judgment reversed, and cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.