## CITY OF GADSDEN v. JONES.
### 7 Div. 208.

Supreme Court of Alabama.

Oct. 12, 1933.

396

M. C. Sivley, of Gadsden, for appellant.

McCord & McCord, of Gadsden, for appellee.

BROWN, Justice.

Special assumpsit for the breach of an alleged express executory contract, by which the appellant, city of Gadsden, a municipal corporation engaged in the business of furnishing water for domestic uses to its inhabitants, undertook to furnish water to plaintiff's residence for domestic use.

The appeal is on the record, and the questions presented relate to the sufficiency of the plaintiff's complaint.

The first contention is that section 1899 of the Code of 1923 requires all express contracts made by municipalities, except purchases for the ordinary needs of the municipality, to "be in writing, signed and executed in the name of the city or town." In support of this contention the appellant relies on the statute and the decisions of this court in City of Mobile et al. v. Mobile Electric Co., 203 Ala. 574, 84 So. 816, and Coleman et al. v. Town of Hartford, 157 Ala. 550, 47 So. 594.

The appellee's contention, on the other hand, is that the defendant in supplying water to its inhabitants acts in the capacity of a private corporation, and not in the exercise of the power of a local sovereignty, and therefore the statute is not applicable to contracts made by it in that capacity. City of Montgomery v. Greene et al., 180 Ala. 322, 60 So. 900; Brooks v. Town of Oxford et al., 223 Ala. 264, 135 So. 575.

■ The law is well settled that in the absence of charter provision or statute requiring contracts of municipal corporations to be in writing, a writing is not necessary to evidence a valid contract. But a writing is necessary where the charter or statute expressly requires it. 44 C. J. page 117, § 2216; City of Mobile v. Mobile Electric Co., supra; Reid v. City of Mobile, 213 Ala. 321, 104 So. 787.

■ So the question to be decided is whether or not the express contract declared on by the plaintiff is within the influence of section 1899 of the Code. In Town of Clanton v. Chilton County, 205 Ala. 103, 104, 87 So. 345, decided before the adoption of the Code of 1923, this statute, then section 1183 of the Code of 1907, was construed as applying to all express contracts. It was there observed: "Section 1183 of the Code [1907] itself does not conclude against the raising up of an implied promise on the part of a municipality in a proper case to satisfy obligations that in equity and good conscience it should discharge (see Allen v. Intendant, etc., 89 Ala. 641, 647, 8 So. 30, 9 L. R. A. 497); the whole design and effect of the statute being to define the mode of execution of *express contracts* by municipalities within its contemplation." (Italics supplied.)

This section was brought forward into the Code of 1923, without change, with the result that this interpretation became a part thereof (Barnewall v. Murrell, 108 Ala. 366, 18 So. 831), and the mere fact that, in making contracts for furnishing water to its residents, defendant exercises the powers of a

business corporation does not change the fact that it is a municipal corporation.

There is nothing in the opinion of the court in Brooks v. Town of Oxford et al., 223 Ala. 264, 135 So. 575, 576, that militates against this position. That was an action on the case for wrongfully cutting off the plaintiff's water, and the holding was that the allegation that defendant "had for years furnished water to plaintiff at a rate specified in the complaint and that defendant had cut off plaintiff's water supply by reason of an alleged excess which did not in fact exist," sufficed to show that defendant breached a duty which it, as a public service corporation, owed the plaintiff.

■■ Here the plaintiff sues for breach of an express contract, and because of this statute must allege that the contract is in writing.

The complaint was also subject to the objection pointed out by the demurrer; that it does not allege a consideration. On demurrer the complaint cannot be aided by intendment. The pleading is construed most strongly against the pleader.

We are therefore of opinion that the court erred in overruling the demurrers to the complaint.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.