157 So. 872

### SMITH v. STATE.
### 8 Div. 744.

Court of Appeals of Alabama.
March 20, 1934.

Rehearing Denied April 17, 1934.

Affirmed on Mandate Oct. 30, 1934.

Rehearing Denied Dec. 18, 1934.

Almon & Almon and Bradshaw & Barnett, all of Florence, for appellant.

272

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

RICE, Justice.

■ Appellant was tried, and convicted, for and of the offense charged in the single count of the indictment which was submitted to the jury, the same being in words and figures as follows, to wit:

"The Grand Jury of said County, further charge that before the finding of this indictment: Tom B. Smith, whose christian name is otherwise unknown to the grand jury, while Clerk of the City of Florence, Alabama, a municipal corporation, who was then and there as such Clerk charged or intrusted with the collection, receipt, safekeeping, transfer or disbursement of money or funds belonging to or under the control of said City, did convert to his own use or to the use of another person, contrary to law, a portion of such money or funds to about the amount of $2,720.50."

If there be pith, which we neither affirm nor deny, here, in the argument of appellant's counsel, that the indictment should, in order to have withstood his demurrers, allege that appellant was "in possession" of said money, etc., we answer that to our minds it does just that. True, "possession" is not alleged eo nomine; but the fair import of the language used can, as we read it, be to no other effect. See Wilkerson v. State, 23 Ala. App. 520, 128 So. 777, certiorari denied 221 Ala. 393, 128 So. 778.

■ The indictment being drawn, etc., as for a violation of the terms of Code 1923, § 3961, it was unnecessary to allege a "fraudulent intent," etc. See Ex parte Cowart, 201 Ala. 525, 78 So. 879.

■ But aside from the above, and in addition thereto—as applying to any other grounds of demurrer than those covered thereby—we observe that the said count of the indictment follows the language of the statute (Code 1923, § 3961, supra) denouncing the offense. This, under the circumstances, was all that the law required. See State v. Dodd, 17 Ala. App. 20, 81 So. 356; also, Code 1923, § 4529.

The demurrers to the said count of the indictment were properly overruled.

■ The theory of the prosecution was, as we gather, in major part, that appellant, who, as city clerk, was charged or intrusted with the duty of drawing checks or warrants on the city treasurer, in payment of obligations of the city—his own fixed salary among them —drew, personally, not only the amount of his salary, by this method, but, a considerable sum in addition thereto; that this additional sum so drawn by him was without authority of law, and that his said action constituted and embezzlement by him of such sum.

The defense was, as to the above, that the warrants so drawn by appellant for the "additional sum," payable to himself, were drawn with full authority of law, etc., and that he was justly entitled to receive the amount for which they were drawn.

As we view it, the issues thus raised were properly submitted to the jury.

■ However, the state went further. While examining one Baylor, a certified public accountant—who had audited the books of the city, etc.—as a witness in its behalf, the state was allowed, over the objection, etc., of appellant, to elicit testimony from this witness, in substance or effect as follows: That the city of Florence had imposed and was collecting a tax of 2 cents per gallon on each gallon of gasoline sold in said city; that this tax was to be paid by the distributor and that they (the distributors) were to file an affidavit each month setting out the number of

gallons, etc., accompanied by a check for the tax, etc.; that certain companies—naming them—had paid this tax, etc., and had not received credit, etc.; that he wrote letters to these companies, getting appellant to sign said letters, calling for a list of the payments, etc., they had made; that replies to these letters were received by the firm of which witness was a member, giving a list of the payments, etc., made by the said companies; that he, witness, showed these replies to appellant who admitted, etc., that the amounts, etc., had been sent by the respective companies to the city; received; and the same appropriated by appellant to his own use, etc.

In much of the above there was error of a sort that must cause the judgment of conviction to be reversed.

Without undertaking to treat each exception appearing, we merely note that it was clearly illegal and incompetent to allow the said witness to state what the ordinances of said city provided with reference to the imposition, etc., of the 2-cent per gallon gasoline tax; that it was but mere hearsay to allow him to state the amount paid, etc., as "reported to him" by the said companies—omitting, for the moment, any question about the authenticity, etc., of the letters, etc.; that there was—these matters out—absolutely no testimony as to—much less, proof of—the corpus delicti, in the absence of which testimony as to appellant's alleged "confession, etc." was obviously inadmissible.

We have not deemed it necessary to treat fully each separate objection and exception, nor even to cover all of them by the remarks we have made. The rules, etc., are not intricate; and we believe that merely calling attention to them will suffice to cause them to be adhered to upon a retrial of the case.

Likewise, we are persuaded that it would be profitless to treat the other questions presented by the appeal. We doubt their occurrence, at least in their present form, upon another trial.

For the errors indicated, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.

#### Opinion After Remandment.

PER CURIAM.

■ It is clear to us, in view of the expressions used by the Supreme Court in opinion granting certiorari in this case, that errors, if any there were, in rulings other than those treated in our original opinion, would not be allowed to serve as a basis for the reversal of the judgment of conviction. So we do not discuss them. We content ourselves with merely observing that in no such ruling was there error of a more prejudicial nature than that we thought infected the ruling allowing the witness, the auditor, Baylor, to testify as to the requirement of the city ordinances of the city of Florence, without, at least, accounting for the failure to produce the said ordinances. This ruling is now seen to be innocuous. Code 1923, § 7318.

So, upon the authority of the said opinion by the Supreme Court on certiorari, the judgment of conviction stands affirmed.

Affirmed.