154 So. 601

## McGILVRAY v. STATE.
### 4 Div. 766.

Supreme Court of Alabama.
May 10, 1934.

T. M. Patterson, of Clayton, for the motion.

Thos. E. Knight, Jr., Atty. Gen., opposed.

Brief did not reach the reporter.

FOSTER, Justice.

The indictment in this case is in one count, and charges that defendant did "embezzle or fraudulently convert to his own use money to about the amount of $40.00." It is not necessary to refer to its other provisions because they do not affect the question which is here material.

Section 4529, Code, requires that an indictment must state the facts constituting the offense in ordinary and concise language.

The charge in an indictment that defendant "embezzled or fraudulently converted

to his own use," is one of a fraudulent intent unless a different meaning is otherwise ascribed by law to them,. and is descriptive of the offense. Ex parte Cowart, 201 Ala. 525, 78 So. 879; Id., 201 Ala. 55, 77 So. 349.

When the indictment is thus framed, it is necessary in order to sustain it that there be proven either an embezzlement or a fraudulent conversion, taken in the ordinary meaning (section 4529, Code), or in such meaning as may be ascribed to them or either of them by statute. The ordinary meaning of "embezzlement or fraudulent conversion" is that a fraudulent intent is included. Ex parte Cowart, supra. But section 3961, Code, makes embezzlement include certain conduct there definitely defined, which does not include a fraudulent intent. So that the charge of embezzlement includes the acts there specified. The indictment in this cause could be sustained by proving those acts, and the court did not err in submitting them to the jury as being included in it.

Referring now to section 3974, Code, we note that it does not expressly declare that the acts enumerated are either embezzlement or fraudulent conversion. Subdivision 3 expressly makes fraud an element, but it and subdivision 2 have no application to this indictment. Subdivision 1 is substantially included in section 3961, and it is there defined as embezzlement. It is evident that subdivision No. 4 was intended to create a crime of the same description. Since the case of Ex parte Cowart, supra, was decided, section 3961, Code, was added. This addition may have been suggested by the Cowart Case. The court there held that an indictment describing an offense in the language of what is now section 3973 (6838) did not charge embezzlement since it did not include a fraudulent intent. It is not now necessary for us to say what was the effect of the addition of section 3961 upon that question. We are not now dealing with section 3973, but sections 3961 and 3974, which were added at the same time. We think that the crime "embezzlement" includes the acts mentioned in section 3961 and subdivisions 1 and 4 of section 3974.

The other matters submitted on this petition were either not treated by the Court of Appeals, or are obviously without merit.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.