158 So. 546

**GARNER v. STATE.**

**8 Div. 621.**

Supreme Court of Alabama.

Dec. 20, 1934.

Rehearing Denied Jan. 24, 1935.

Bradshaw & Barnett and Chas. P. Almon, all of Florence, for the motion.

Thos. E. Knight, Jr., Atty. Gen., opposed.

FOSTER, Justice.

█ Under our statutes, "embezzlement" includes statutory offenses which do not embrace all the elements of the English offense of embezzlement. The acts made a crime by section 3961, Code, omit some of the essentials of that crime, but the statute declares that such conduct is embezzlement. So that to sustain a conviction on a charge of embezzlement under that Code section, it is not necessary that all the elements of the offense as it existed under the early English act (Knight v. State, 152 Ala. 56, 44 So. 585) be proven or charged, if the acts declared by the statute are proved and charged. And a general charge of embezzlement may be proven by such statutory requirements. McGilvray v. State, 228 Ala. 553, 154 So. 601.

█ We cannot agree with petitioner therefore that an indictment under section 3961, Code, must aver possession of the funds by defendant or a fraudulent intent. Ex parte Cowart, 201 Ala. 525, 78 So. 879.

As we understand the facts stated in the opinion of the Court of Appeals, they are, in substance, so far as here necessary to recite them, that the $75 a month was paid appellant, who was one of the city commissioners, for services rendered the city, to perform which he had not been, and could not be, legally employed by the city commission. But he was paid on warrant issued by the city clerk and approved by the mayor, but not authorized by the city commission, and, further, that this could not be legally done by the commission. The theory of the opinion is that no such disbursements are authorized by law; that appellant knew that fact; that the funds were under the control of the city commission of which he was a member, and that, therefore, he was wrongfully converting to his own use city funds which were under his control jointly with other commissioners; that this was wrongful because not authorized by the commission, and prohibited by law. Sections 1891 and 1910, Code.

█ A contract with the city must be executed and authorized as directed by law to be legal. If not thus done, it is non est factum. Mobile v. Mobile Electric Co., 203 Ala. 574, 84 So. 816; Clanton v. Chilton County, 205 Ala. 103, 87 So. 345; Gadsden v. Jones, 227 Ala. 395, 150 So. 359; Coleman v. Hartford, 157 Ala. 550, 47 So. 594.

And if it had been duly executed, it was prohibited by the express provisions of section 1891, Code, which makes it a misdemeanor for him to render service to the city for compensation. The latter clause of that section so providing was added to the Code of 1923, where it first appears. But appellant is not charged with that offense. It is also prohibited by section 1910, Code.

█ It is clear that the Court of Appeals was correct in holding that appellant had no valid contract of employment by the city to render the services, and that he was a party to the misuse of the funds of the city in paying himself, and that he was jointly charged with the proper disbursement of the city funds. So that his receipt of such funds and their conversion by him was contrary to law, which is styled a crime of embezzlement by section 3961, Code, though it was not fraudulently done, and though prior to the conversion, the funds were not in his physical possession.

The opinion of the Court of Appeals does not refer to the details of the cross-examination of the character witnesses for appellant. Appellant's brief has referred to them more specifically. The chief objection is that the cross-examination related to rumors and hearsay about specific conduct, and that the answers are not confined to a date anterior to the alleged commission of the crime.

But upon examination of the record in that respect, we find either that the evidence is

602

not subject to such objection or the question is not duly presented so as to be reviewed.

Our judgment is that there is nothing of which appellant has cause to complain in respect to any principle of law treated by the Court of Appeals, and which has been urged in his petition for certiorari.

Writ of certiorari denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

🔑For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes