**181 So. 293**

#### COUNCIL v. CITY OF DOTHAN.

4 Div. 6.

Supreme Court of Alabama.

Feb. 17, 1938.

Rehearing Denied May 26, 1938.

O. S. Lewis and E. S. Thigpen, both of Dothan, for appellant.

Farmer, Merrill & Farmer, G. M. Harrison, and W. Perry Calhoun, all of Dothan, for appellee.

ANDERSON, Chief Justice.

This is an action for the breach of an alleged express contract between the appellant and the City of Dothan for the payment of certain fees or commissions upon the conditions therein set out and which said contract is set out in the complaint in hæc verba.

Section 1899 of the Code of 1923 reads as follows: "Contracts entered into by a municipality shall be in writing, signed and executed in the name of the city or town, by the officers authorized to make the same, and by the party contracting. In cases not otherwise directed by law, or ordinance, such contracts shall be entered into and executed by the mayor in the name of the city or town and all obligations for the payment of money by the municipality, except for bonds, and interest coupons, shall be attested by the clerk. This section shall not be construed to cover purchases for the ordinary needs of the municipality."

This provision, as it appeared in the Code of 1907, § 1183, came before this court in the case of City of Mobile et al. v. Mobile Electric Co., 203 Ala. 574, 84 So. 816, wherein it was held that the requirements as to the execution of municipal contracts were mandatory, citing many authorities, and this section, as then construed, was brought forward unchanged as section 1899 of the Code of 1923. The Mobile Electric Case, supra, has been since followed and approved in City of Gadsden v. Jones, 227 Ala. 395, 150 So. 359; Garner v. State, 229 Ala. 600, 158 So. 546; Town of Clanton v. Chilton County, 205 Ala. 103, 87 So. 345. See, also, 44 C.J., p. 119, § 2219.

The contract in question, being for the payment of money, should not only have been executed by the mayor in the name of the city but should have also been attested by the clerk. The complaint was therefore subject to the defendant's demur-

rer, especially grounds 2 and 3, which were properly sustained by the trial court.

Appellant's counsel do not question the soundness of the foregoing rule and the authorities cited, but contend that this contract is not controlled by section 1899, but is governed by other statutory provisions, particularly section 1953 of the Code of 1923. This section deals with the authority of the mayor to appoint an expert accountant to audit the books and accounts of the city. The contract in question did not provide for a general auditing of the books and accounts of the city as dealt with by said section 1953, but the employment related to the collection of escaped taxes and the payment of a compensation therefor.

Nor does this case fall within the influence of section 3040, as amended by Gen. Acts 1932, Ex.Sess., p. 170, and section 3048, as amended by Gen.Acts 1932, Ex. Sess., p. 171, dealing with the duties and compensation of county tax assessors and collectors. True, section 3095 makes aforesaid provisions applicable to municipal taxes, but said section also fixes a legal commission to be paid, "not to exceed one half of one per cent for assessing, and one-half of one per cent for collecting."

The complaint proceeds upon the breach of an express contract for the payment of 40 per cent. commission on all escaped taxes to be collected by appellant and paid into the city.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.