108 So.2d 192

Mallard CUNNINGHAM

v.

STATE.

1 Div. 783.

Court of Appeals of Alabama.

Jan. 6, 1959.

Windell C. Owens, Monroeville, for appellant.

it will be your duty to bring in a verdict of guilty as charged, and I have prepared here a verdict for you in the event you believe the evidence, which reads as follows: 'we the jury find the defendant guilty as charged and assess a fine of blank dollars.' Any amount from fifty dollars up to five hundred dollars, you cannot fine him less than fifty nor more than five hundred dollars."

To this charge the appellant reserved an exception as follows:

"I want to reserve my exception to giving the oral charge where the Court said the jury could assess a fine of not less than fifty dollars nor more than five hundred dollars."

■ It is sufficient that the exception substantially recite the instruction to the extent of informing the court of the portion of the instruction excepted to. Kelley v. State, 226 Ala. 80, 145 So. 816; Brewington v. State, 19 Ala.App. 409, 97 So. 763; Brown v. State, 17 Ala.App. 30, 81 So. 366; Ex parte Cowart, 201 Ala. 55, 77 So. 349.

■ The exception was in our opinion sufficient to direct the lower court's attention to that portion of the court's instruction to which appellant was excepting. Particularly is this true in view of the verdict prepared by the court for the jury.

Pinkerton v. State, 246 Ala. 540, 22 So. 2d 113, presented a point on all fours with the point now considered in this case.

In the Pinkerton case, supra, the late Chief Justice Gardner wrote the opinion for the court and held that an instruction such as the one given in this case was an erroneous statement of law as distinguished from a misleading statement, and not subject to an explanatory charge.

■ It is true that Section 99, Title 29, Code of Alabama, provides that the penalty for violation of Section 98, Title 29 (the possession statute) is punishable by a fine of not less than $50 and not more than $500,

John Patterson, Atty. Gen., and Robt. C. Dillon, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant stands convicted of possession of prohibited beverages.

The evidence presented by the State established the appellant's guilt, not only beyond a reasonable doubt, but beyond all doubt.

The appellant offered no evidence in the trial below.

However, the court instructed the jury as follows:

"And I further charge you that if you believe the evidence in this case

to which, at the discretion of the judge trying the case, may be added imprisonment in the county jail, or at hard labor for the county for not more than six months for the first offense.

However, Section 336 of Title 15, Code of Alabama 1940, provides:

"When an offense may be punished, in addition to a fine, by imprisonment or hard labor for the county, the jury shall not be required to impose a fine; but, if in their judgment, the defendant should only be punished in some other mode, may, in such case, only find him guilty and leave the imposition of the punishment to the court."

In the Pinkerton case, supra, it was held that such a charge as was given in the present case required a jury to assess a fine on conviction, and took from the jury the discretion conferred by Section 336, supra, and therefore constituted a reversible error.

The present case is directly within the doctrine of the Pinkerton case. We must therefore order a reversal.

Reversed and remanded.