149 So.2d 296

Louis WILBURN

v.

STATE.

5 Div. 617.

Court of Appeals of Alabama.

Jan. 22, 1963.

Tom Radney, Alexander City, for appellant.

MacDonald Gallion, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Roy E. Hicks, Legal Research Aide, for the State.

PRICE, Presiding Judge.

Appellant was indicted jointly with one James McCarty, on a charge of assault with intent to murder. Appellant demanded and was granted a severance. His jury trial resulted in a conviction of the lesser included offense of an assault and battery and the imposition of a $500 fine.

To delineate the evidence would serve no useful purpose, since its sufficiency to sustain the charge of assault and battery is in no wise presented. The motion to exclude the state's evidence and the requested affirmative charge were referred to the charge of assault with intent to murder, which was eliminated by the jury's verdict. The motion for a new trial was not presented to the trial judge within thirty days from the date of judgment.

Counsel insists in brief that certain remarks of the solicitor in cross-examining the defendant require a reversal of the cause.

Defendant was chief of police of Carrville, Alabama. The solicitor asked him on cross-examination:

"Q. You mean you took that City of Carrville police car and paraded it down the highway without its lights on in pitch dark?

"A. No, sir.

"Q. And you claim to be a police officer?

"A. That's right, sir, and I think I am.

"Q. Well, I've got a different opinion."

\* \* \* \* \* \*

"Q. And you say that you've been using pistols for quite a while?

"A. Yes, sir, I practice every other week.

"Q. On whom?

"A. On nobody."

In both of said instances defense counsel moved for a mistrial on account of the

solicitor's remarks. As to the first remark complained of the court observed:

"Mr. Solicitor, don't make statements like that. Maintain a calmness and a proper conduct in your cross-examination."

The solicitor stated:

"I beg the court's pardon."

By the Court:

"The court will accept it. And the court will deny your motion for a mistrial."

As to the second remark complained of the following occurred:

Defense Counsel: "Your honor, we object to that and ask for a mistrial. The Solicitor is continuously putting them little barbs like that in, and we ask for a mistrial."

"The Court: The motion for a mistrial is denied. Mr. Solicitor watch your language."

It is argued that although the court reprimanded the solicitor it did not admonish the jury in respect to such remarks and for this reason there was error in the denial of the motions for mistrial.

There was no motion that the remarks be excluded from the jury's consideration. The court is not required ex mero motu to exclude improper argument of the solicitor. Chambers v. State, 17 Ala.App. 178, 84 So. 638; Washington v. State, 259 Ala. 104, 65 So.2d 704; Jackson v. State, 260 Ala. 641, 71 So.2d 825. We find no error in the denial of the motions for a mistrial.

We have carefully considered the record in this case, and find no reversible error therein. The cause is due to be and is hereby affirmed.

Affirmed.