329 So.2d 167

**Otis Dean BROOKS**

**v.**

**STATE.**

**4 Div. 420.**

Court of Criminal Appeals of Alabama.

March 16, 1976.

P. Richard Hartley, Greenville, for appellant.

William J. Baxley, Atty. Gen., and William A. Davis III, Asst. Atty. Gen., for the State.

LEIGH M. CLARK, Supernumerary Circuit Judge.

Appellant was convicted of an assault with the intent to commit the crime against nature and sentenced to imprisonment in the penitentiary for five years.

The alleged victim was a four-year-old boy. Defendant, twenty or twenty-one years of age at the time of the alleged incident, had been boarding about six months at the home of the boy's mother. On the day of the incident, he left the home driving a truck to take the boy's sixteen-year-old sister, who was married, to her home about three miles away. The boy went with them. In about an hour and a half thereafter, having presumably left the sister at her home, he drove the truck back to the boy's home. Promptly upon arrival,

the boy left the truck and, according to the testimony of his mother and another sister, went into the house crying. The mother described him as "jerking all over" and the sister said he was "all nervous." The sister said he had blood "over his little undershorts," and the mother testified that he was bloody in "his little old tail." The boy was examined by a physician soon thereafter, the same afternoon of the alleged incident. The physician testified that the boy "was irritated in his rectum."

Without much, if anything, being said by defendant when he returned in the truck, he gathered up his clothing and left the boarding house and did not return.

According to the testimony of defendant, he was not guilty of any assault upon the boy. He said that as he returned to the place he boarded, the home of the boy, and as he drove into the yard, the boy fell out of a door of the truck, that he didn't see "what portion of his body he fell on," that the boy went in the house and soon thereafter his mother came out and told defendant to get his clothes and leave.

Appellant contends that the trial court committed error in admitting some of the statements made by the boy upon entering the house and that the trial court should have granted defendant's motion for a mistrial.

Included in the evidence admitted as to complaints made by the boy upon arrival at his home after the truck ride was testimony of the mother as shown by the following:

"Q. Did he tell you where he was hurt?

"BY MR. LIGHTFOOT: Objection.

"By Mr. Bryan:

"A. In his little doo-doo hole.

"BY MR. LIGHTFOOT: Objection.

"BY THE COURT: Overruled.

"BY MR. LIGHTFOOT: That's one of the details, Your Honor, and I don't think the witness is qualified to state the details.

"BY THE COURT: Overruled.

"BY MR. LIGHTFOOT: Note our exception."

After the quoted testimony, the witness testified further, without objection, to substantially the same facts, in somewhat different language, as those shown by the quoted testimony.

Appellant insists that the admission of the testimony constituted a violation of the rule that although complaints by victims of rape and other related crimes are admissible, "the details or particulars of a complaint cannot be shown by the prosecution in the first instance." McElroy, *Law of Evidence in Alabama,* (2d ed.) § 178.01. We agree, but as stated by Judge McElroy at the conclusion of the same subsection:

"Irrespective of limitations of the present rule, the full details of the complaint are admissible if the complaint is a Spontaneous Exclamation under Sec. 265.01, below. *Daniel [Daniell] v. State,* 37 Ala.App. 559, 73 So.2d 370, Syl. 3."

█ Just how long after any assault the complaints were made, we have no way of telling, but they were made almost immediately after the boy had left the truck in which he had been riding with defendant and with whom he had been all of the time he had been away from his home. His complaints were made at the first opportunity he had to complain to his mother. They were made while he was still crying and while he was still in pain from whatever injury he had received. Taking into consideration the boy's age, the nature and place of the injury received by him, the time factors and all of the circumstances, we feel that his complaints come well within the category of spontaneous exclamations. We recently had a case in which we

came to a different conclusion by reason of a marked difference in the circumstances. We refer to *Langford v. State,* 54 Ala.App. 659, 312 So.2d 65. Therein we said:

". . . There was no effort by the State to show her excitement, which could have been easily shown, if there was any. We are unwilling to state that the natural and normal disposition of such victims under any and all circumstances, including as in this case an absence of objective signs of physical injury while being examined promptly thereafter by a physician, is always sufficient to show an extension for any substantial measured length of time of excitement or instinctiveness in a particular individual as distinguished from deliberation. . . ."

In this case, as distinguished from *Langford,* spontaniety is the only conclusion that can be reached from all the circumstances upon taking into consideration Judge McElroy's delineation of the circumstances to be considered:

"Obviously the trial court in determining whether the statement was made spontaneously, ought to consider the degree of startlingness of the occurrence; how much time passed after the occurrence but before the statement was made; the effect of intervening events; the nearness, vel non, of the place where the statement was made to the place of the occurrence; the condition of the declarant; the contents of the statement itself; and all other facts relating to whether the declarant was under the stress of a nervous excitement at the time he made the statement." McElroy, *Law of Evidence of Alabama,* (2d ed.) Sec. 265.01(2).

█ We fully realize that the complaints made by the boy could conceivably be consistent with defendant's testimony to the effect that the boy received his injury by falling out of the truck. This, however, though going to the question of the guilt

or innocence of defendant, does not affect the question of the admissibility of the particular testimony.

On a pre-arraignment hearing, it was determined that defendant was indigent and an attorney was appointed for him. Prior to arraignment this particular attorney was appointed County Solicitor for Crenshaw County. Upon arraignment he was replaced by the appointment of another counsel who ably represented him on the trial. He is now ably represented by still other counsel appointed by the court. The position is taken by appellant that:

"The defendant was denied a fair trial and due process of law because the attorney originally appointed to represent him was subsequently appointed County Solicitor and, as the record indicates, represented the State in the trial of the case . . ."

We have no doubt as to the soundness of appellant's position if, indeed, the subsequently appointed county solicitor did represent the State on the trial of the case or took any part whatever in the prosecution of defendant in this case. There is no evidence as to what he did in representing defendant over the period when he was nominally at least his attorney, from October 28, 1974, to June 3, 1975, but we can hardly conceive of a situation where such a relationship existed for such a long period of time that there was not some activity on his part or information coming to him that would have disqualified him from performing any service whatever for the State in the prosecution of appellant. The question that concerns us in this connection is whether the conclusion reached or indicated by appellant that the attorney "represented the State in the trial of the case," is correct. The only possible indication thereof is to be found in a list of the appearances found twice in the transcript, once at the arraignment and once at the beginning of the trial as follows:

"APPEARANCES

"HONORABLE JESSE O. BRYAN, District Attorney for the Second Judicial Circuit of Alabama, Butler County Courthouse, Greenville, Alabama, appearing for the State of Alabama.

"HONORABLE WILLIAM R. KING, County Solicitor for Crenshaw County, Luverne, Alabama, appearing for Crenshaw County.

"HONORABLE BEN G. LIGHTFOOT, Attorney at Law, Luverne, Alabama, appearing for the Defendant."

and immediately thereafter, under the caption of "PROCEEDINGS" in a legend showing the presence of the Judge; the defendant and his attorney; the Circuit Clerk, the District Attorney; the County Solicitor and the Sheriff. In qualifying the jury and interrogating them at length no question was asked as to any relationship with the county solicitor. Not once during the actual trial of the case does his name or title appear. No reference was made to him during the trial of the case. As much as we think that the presence of the county solicitor should have been clarified so as to have removed any suspicion whatever of his participating in any way in the prosecution of the case, if such could have been truthfully done, we are unwilling at this time, without any further information on the subject, to find that there was any actual representation of the attorney of the State in the prosecution of this particular case. If there was, even unwittingly and innocently, we have no hesitancy in saying that we have serious doubt as to the validity of the conviction if and when such fact is proved in an appropriate proceeding. We regret that we are in the dark as to the particular point at the present time. No concession is made by the State. It states:

"The record fails to reflect that Mr. King ever actively counseled or represented the Appellant nor did he assist in the prosecution."

In the absence of more light on the subject, we cannot conclude otherwise.

No contention is made on appeal, and there was no question raised on the trial, as to the sufficiency of the evidence to support a conviction.

We have considered all contentions made by appellant and have searched the record for any error prejudicial to him. Finding none, we conclude that the judgment appealed from should be affirmed.

The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby

AFFIRMED.

TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.