The defendant was indicated and convicted for rape and burglary in the first degree. Sentence was ten years' imprisonment on *Page 98 
each count with the sentences to run concurrently. Four issues are raised on appeal.
 I
The defendant contends that the trial court erred in overruling his challenge to the entire jury panel alleging that the panel had indicated that "they would not allow intoxication to be a defense to a crime." The question asked by the Assistant District Attorney which allegedly elicited this response is not contained in the record.
After defense counsel asserted his challenge, the trial judge questioned the venire and determined that the prospective jurors would follow the instructions given by the court on the law of intoxication as a defense. For this reason, we find no error in the overruling of the defendant's challenge to the venire. A motion to quash the venire should not be sustained or granted unless it is alleged and proved that the whole venire is tainted with prejudice. Nickerson v. State, 283 Ala. 387,217 So.2d 536 (1969).
 "Where jurors testify that they have opinions but that they would try the case fairly and impartially according to the law and the evidence, and that their opinions would not influence their verdict, they are competent to serve and it is not error for a trial judge to deny a challenge for cause."
 Jarrell v. State, 355 So.2d 747, 749 (Ala.Cr.App. 1978).
 II A.
In a prosecution for rape, evidence of the complaint of the prosecutrix is admissible. C. Gamble, McElroy's AlabamaEvidence, Section 178.01 (3rd ed. 1977). However, the details and particulars of that complaint cannot ordinarily be introduced. Allford v. State, 244 Ala. 148, 12 So.2d 407
(1943). An exception to this rule is that "the full details of the complaint are admissible if the complaint is admissible as a spontaneous exclamation under that particular exception to the hearsay rule." McElroy at Section 180.01. Res gestae is a term of "convenient obscurity" often used to describe this exception. Illinois Central R.R. v. Lowery, 184 Ala. 443,63 So. 952 (1913).
To be admissible under this exception, the statement must be spontaneous. The "question of spontaneity is to be decided upon the facts and circumstances of each individual case and such a determination is a question for the trial judge" whose action in admitting the statement should not be held to be error unless this Court would be justified in concluding that under all and any reasonable interpretation of the facts the exclamation could not have been spontaneous. McElroy at Section 265.01 (2).
The prosecutrix testified that after the defendant left her house it took her about three minutes to reach her neighbor's house in order to telephone her father-in-law. The neighbor testified that the prosecutrix was crying and upset. The details of the complaint were admitted when the father-in-law of the prosecutrix was asked, "What did she tell you had happened to her, if anything, when she called you?" The father-in-law replied, "She said that Jackie had raped her _ _ _"
After reviewing all the various facts listed in Judge McElroy's delineation of the circumstances to be considered[1] we conclude that the trial judge acted within the bounds of his legitimate discretion in admitting the details of the complaint as a spontaneous exclamation. Brooks v. State, 57 Ala. App. 478,329 So.2d 167 (1976); Ciervo v. State, 342 So.2d 394
(Ala.Cr.App. 1976), cert. denied, 342 So.2d 403 (Ala. 1976). *Page 99 
 B.
After the prosecutrix telephoned her father-in-law, he drove to her house. This drive took about fifteen minutes but it took the father-in-law and his wife a "good while" to get "down there" because the wife had to "get ready". When they arrived, the prosecutrix told her mother-in-law that she had been raped.
Since this complaint was made within a reasonable time after the prosecutrix had been raped it was properly admitted into evidence.
 "It is commonly said that complaints, to be admissible under the foregoing principle, must be made recently after, or within a reasonable time after, the commission of the offense. However, delay in the making of the complaint does not exclude it if the delay is explained and excused by proof of sufficient cause therefor. Such excuse may consist of lack of opportunity to complain, duress or threats by the perpetrator of the crime." McElroy at Section 178.01.
In order to admit the bare making of a complaint, and not the details, the complaint need not have been a spontaneous exclamation or come within the rules regulating the admission of such exceptions to the hearsay rule.
 III
During cross examination of the prosecutrix, defense counsel impeached her trial testimony with the testimony she had given at the defendant's preliminary hearing.
Immediately after defense counsel concluded his cross examination of the prosecutrix, the following occurred:
 "MR. MOORE (Assistant District Attorney): Your Honor, we will offer her statement that she made to the police on the night that —
 "MR. HUDSON (Defense Counsel): Your Honor, I object to that and move for a mistrial, Your Honor. Mr. Moore knows that is improper.
 "THE COURT: I sustain your objection as to the admission of it, but I overrule you on the mistrial.
MR. HUDSON: We except, Your Honor."
Although the prosecutor's actions were improper, he could have used the prior consistent statements of the prosecutrix to corroborate her testimony after defense counsel had impeached her testimony had the proper predicate been established. This represents an exception to the general rule that impeachment of a witness by the introduction of evidence of a statement inconsistent with his testimony does not authorize the proponent of the witness to support his credibility by evidence that at other times the witness has made statements consistent with his present testimony. The exception is available in prosecutions for rape and related offenses. Long v. Whit,197 Ala. 271, 72 So. 529 (1916); Murphy v. State, 355 So.2d 1153,1157-8 (Ala.Cr.App. 1978) citing McElroy at Section 178.01.
Since the prosecutor did not even attempt to establish any predicate, the objection of defense counsel was properly sustained. Defense counsel's request for a mistrial was properly denied because any inferences from the prosecutor's remarks were not of such a character that neither rebuke nor retraction could entirely destroy their sinister influence.Jackson v. State, 260 Ala. 641, 644, 71 So.2d 825 (1954).
It is true that in some cases, most notably where the prosecutor comments on the failure of the accused to testify, the trial judge has a duty not only to sustain defense counsel's objections but to give curative instructions even where not requested. Qualls v. State, 371 So.2d 949
(Ala.Cr.App.), cert. denied, 371 So.2d 951 (Ala. 1979). However, this rule only applies in exceptional cases involving a comment on the accused's exercise of his constitutional right against self-incrimination. Collins v. State, 385 So.2d 993
(Ala.Cr.App.), reversed on other grounds, 385 So.2d 1005 (Ala. 1980); Hurt v. State, 361 So.2d 1163 (Ala.Cr.App. 1978). The general rule is that the trial court will not be put in error for denying a motion for a mistrial without admonishing the jury *Page 100 
where there was no motion made that the remarks be excluded from the jury's consideration. Wilburn v. State, 41 Ala. App. 681, 149 So.2d 296 (1963). A motion for mistrial does not include either a motion to strike or exclude as a lesser prayer for relief. Van Antwerp v. State, 358 So.2d 782, 790, (Ala.Cr.App.), cert. denied, 358 So.2d 791 (Ala. 1978). Therefore, we find no error in the action of the trial judge in overruling the defendant's motion for a mistrial and in failing to instruct the jury to disregard where no instructions were ever requested.
 IV
The defendant contends that two of the verdict forms prepared by the trial court unlawfully charged the jury that they had to be convinced of the defendant's innocence beyond a reasonable doubt on one charge before he could be acquitted on the other charge.
The court's oral charge must be considered as a whole in determining whether error was committed in giving a particular excerpt therefrom. Gosa v. State, 273 Ala. 346, 139 So.2d 321
(1962); Ex parte Cowart,` 201 Ala. 525, 78 So. 879 (1918);McCovery v. State, 365 So.2d 358 (Ala.Cr.App. 1978). No part of the charge is to be tested in isolation. Brooks v. State,353 So.2d 1 (Ala.Cr.App. 1977).
"The language of a charge must be given a reasonable construction, and not a strained and unreasonable one . . ." 23A C.J.S. Criminal Law, Section 1319 (1961). The test of severe grammatical criticism is not the proper rule of construction to apply to the general charge of the court in a criminal prosecution.
 "Hypercriticism should not be indulged in in construing charges of the court (S. N.R.R. Co. v. Jones, 56 Ala. 507; McGuire v. State, 2 Ala. App. 218, 223, 57 So. 57); nor fanciful theories based on the vagaries of the imagination advanced in the construction of the court's charge, which is usually — as it is here, and as it should be — expressed in plain language that is susceptible of the ordinary understanding." Addington v. State, 16 Ala. App. 10, 19, 74 So. 846 (1916).
Applying these rules of construction to the judge's charge in the present case, we find that it is not subject to the defect assigned by the defendant. Moreover, we note that after defense counsel objected, the trial judge gave further instruction on the matters found objectionable. While the defendant now alleges that these additional remarks only compounded the alleged error and failed to correctly state the law, at trial no objection was made to this effect nor was there any objection to the additional instructions. Under these circumstances, the defendant cannot now complain.
We have searched the record for error prejudicial to the defendant. Our review convinces us that the judgment of the Circuit Court is due to be affirmed.
AFFIRMED.
All Judges concur.
[1] "(T)he degree of startlingness of the occurrence, how much time passed after the occurrence but before the statement was made, the effect of intervening events, the nearness of the place where the statement was made to the place of the occurrence, the condition of the declarant, the content of the statement itself, and all other factors relating to whether the declarant was under the stress of a nervous excitement at the time he made the statement." McElroy at Section 265.01 (2).